[No. 7140. Decided February 29, 1908.]

MORAN BROTHERS COMPANY, *Respondent*, v. PACIFIC COAST
CASUALTY COMPANY, *Appellant*.[1]

INSURANCE—INDEMNITY—POLICY—NOTICE OF INJURY—RELEASE OF
INSURER—TRUTH OF FACTS STATED. In an action upon an indemnity
policy against liability for personal injuries to a servant, which
required the insured to give full particulars of any claim, the com-
pany is not released by the fact that notice of claim upon a form
furnished by the company (allowing only short spaces for answers
to printed questions) stated briefly that the servant was injured by
his own negligence in putting up scaffolding, when the fact was that
defendant's carpenters erected the same, where the statements were
made in good faith; since a more full statement and warranties of
the answers were not intended.

EVIDENCE—PAROL—WRITTEN INSTRUMENT. A written release of
two causes of action for personal injuries, for the expressed con-
sideration of $2,000, without reciting how much was paid in settle-
ment of either claim, is not varied or contradicted by parol evidence
that the whole sum was paid in settlement of the second cause of
action, and that the first was of a trifling nature and ill founded;
which evidence is therefore admissible.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered April 30, 1907, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on a policy of indemnity
insurance. Affirmed.

*George E. de Steiguer*, for appellant.

*L. C. Gilman* and *Wright & Kelleher*, for respondent.

DUNBAR, J.—This action was brought upon a liability
policy, plaintiff seeking to recover $2,000, together with attor-
ney's fees, on account of a claim for personal injuries paid
by the plaintiff. About February 1, 1905, the defendant is-
sued to the plaintiff three employers' liability policies. One,

[1]Reported in 94 Pac. 106.

No. 2715, is the one with which we have to deal in this case. This policy contained general and special agreements. The first was as follows:

"The assured, upon the occurrence of an accident, shall give immediate written notice thereof, with fullest particulars obtainable, to the home office of the company, or to its duly authorized agent in the locality in which this policy is issued. He shall give like notice with full particulars of any claim that may be made on account of such accident, and shall at all times render to the company all cooperation and assistance in his power."

The third recited: "The assured shall not settle any claim except at his own cost,  .  .  ." With the view we take of what was proven in this case, it is not necessary to set forth the other provisions.

On the 18th of March, 1905, and while the policy was in force, a man named Edward Brown was injured while working on the battleship Nebraska, a work which was being prosecuted by Moran Brothers Company, respondent here. The plaintiff was carrying a policy of indemnity insurance with the Pennsylvania Indemnity Company. After the suit was commenced by Brown against the plaintiff, the defendant, represented by Mr. Peters, and the Pennsylvania Indemnity Company, represented by Mr. Eskridge, undertook the defense. A few days before the trial, Mr. Peters went to the shop of the plaintiff and personally investigated the facts and interviewed the witnesses. A report was promptly sent to the defendant, signed by one Forsyth, timekeeper for the plaintiff. The accident was caused by the collapse of a scaffold or staging. The report, among other things, contained the following statement:

"(16)  Was accident due in whole or in part to want of care on part of injured person; if so, how?  A. Due to his own fault.  Brown and the man he was working with put up the staging themselves.  (17) Did injured person know of the danger to which he was exposing himself?  A. Fully.  (18) Was accident due to negligence on part of any other person?

A. Yes.  Thomas Smith.  (19) If so, how?  A. Smith and Brown put up staging without waiting for carpenters.  (27) Was injury caused by violation of rules?  A. Yes.  Should not have built staging.  (28) Was injury caused by any defect in any tool or machinery?  A. Due to faulty construction of staging."

Brown instituted his action against Moran Brothers Company to recover on two causes of action.  The first cause of action was for damages alleged to have been sustained prior to the time that the Moran Brothers Company had been insured by the defendant.  By his second cause of action he sought to recover $10,000 from Moran Brothers Company on account of the injury inflicted on March 18, 1905.  It developed that the staging had not been made by Brown or the man who was working with him, but that it had been erected by the carpenters of the plaintiff.  When the defendant became aware of this fact, it withdrew from the defense of the case, and plaintiff employed Mr. Peters to continue in the defense on the plaintiff's account.  Thereafter negotiations were had after settling the case, and the plaintiff secured from the defendant a written consent to a settlement as follows:

"Seattle, Washington, November 22, 1905.
"Moran Bros. Company, Seattle, Wash.
"Gentlemen:  Referring to the case of E. D. Brown against your company, claiming damages for injuries received by reason of an accident on March 18, 1905, resulting in a broken leg and other personal injuries, while refusing to accept any liability under our policy to indemnify you in this case for the reasons already stated to you, we do not wish to prejudice you in any contemplated settlement of the case, and therefore consent to a settlement of the case with the plaintiff on such terms as you deem best.  And we agree that such settlement of case and release by the plaintiff shall entitle you to the same right of action against us as if the amount paid in settlement had been paid by you in satisfaction of final judgment in favor of the plaintiff against you.
"Yours truly,  (Signed)  Pacific Coast Casualty Co.,
"By E. F. Green, President."

The negotiations for settlement were conducted on behalf of the defendant by Mr. Eskridge. A written stipulation was entered into for the settlement of the case, the sum of $2,000 was paid by the plaintiff to Brown's attorney, a release secured, and judgment of dismissal entered in the case brought by Brown. The stipulation and the release both provided clearly that the sum of $2,000 was paid to secure a release from both causes of action set up by Brown. Upon the trial of the cause the court found all the issues in favor of the plaintiff, and judgment was entered, from which this appeal is taken.

The findings of fact were excepted to, and it is alleged that the court erred in finding that the plaintiff had complied with, and performed, all the terms and conditions of the policy, in that the plaintiff failed to make fair report of the accident and failed to keep books of account, or any account, or other means of ascertaining the different lines of pay roll on which premiums could be estimated; in admitting parol evidence to vary the effect of the written consent to the release given by the defendant and to vary the effect of the settlement made between Brown and the plaintiff; in finding that $2,000, or that any specific sum whatsoever, was paid in settlement of the claim by Brown on account of the accident which occurred while defendant's policy was in force; in finding that the amount of premium due on the policy sued upon was only $297.57; in finding that the full amount of premium due on this policy had been paid; in finding that such amount or any amount was settled by the plaintiff and defendant as the full amount of the premium earned, and in finding that Brown was a workman in the class covered by the policy sued upon.

The first contention is that the report of the accident did not comply with the first general agreement of the policy. It is not contended that the notice was not given in time, but it is contended that the facts as stated in the notice given were not true, especially with relation to the building of the staging or scaffolding; that, if the staging or scaffolding was put up

by the servants of the respondent, the company had a right to know that fact, and know it from the report sent it by the respondent; that liability insurance is based upon the obligation of the insured to give a correct report of the accident and its causes, insofar as it can be done. The report was made upon a blank form with printed questions furnished by the insurance company. An examination of this form shows that it was not in contemplation that any particularized statement should be made in the report, for the reason that one question crowds so closely upon another that there is no space for any but a most concise and brief reply to the questions asked. We think the essential object of this report is to give the company notice, and notice at once, of the character of the injury and the probability of liability, and it is not intended that any mistake which the employer might make in giving his version of the facts would render the policy ineffectual. It certainly is not intended that the answers should be as explicit and certain as an answer to the complaint in the case, or should constitute to the insurance company a warranty that the facts reported could be substantiated at the trial. In this instance it seems to us that the respondent has complied, in good faith, with the provisions in relation to the notice, and that the insurance company was not warranted in withdrawing from the defense to the action simply because it eventuated that the employer was not able to prove all the statements made in the brief report. The contention that the respondent failed to keep books of account, or any accounts, or other means of ascertaining the different lines of pay rolls on which premiums could be estimated, is not sustained by the testimony.

The next contention is that the court erred in permitting parol evidence to vary the effect of the written consent to the release given by the appellant, and to vary the effect of the settlement made between Brown and the respondent. The respondent introduced attorney Peters, who testified that he had

told Mr. Green, the president of the appellant, that he could not settle one cause of action without the other, and also stated that the $2,000 had to be paid to settle the second cause of action; stating to him that the Brown case was one that ought to be settled, and that the best settlement he could get was for the sum of $2,000; that he had tried to settle the second cause of action separately from the first, but that Brown would not settle the second cause of action for any less amount than he would take for the whole case; that the first cause of action was of a trifling nature, and that he did not think it could be sustained, and that a nonsuit would have to be granted, and that the whole $2,000 would have to be paid in settlement of the second cause of action; that the plea of assumed risk on the part of Brown would undoubtedly be maintained so far as the first cause of action was concerned; that there would doubtless be a judgment against the defendant on the second cause of action, and that he advised Mr. Green that the $2,000 in settlement of the suit should be paid. This testimony was direct. The question was asked: "Now, I will ask you whether you stated to Mr. Green that this $2,000 had to be paid to settle the second cause of action. Answer: I did." And the attorney proceeded to state that he obtained the settlement for the sum of $2,000, and that the stipulation of dismissal was entered.

The written instrument, the terms of which appellant claims were varied by this parol testimony, was the release by Brown which in effect released the Moran Brothers Company from all claims of any kind existing in Brown's favor and against the Moran Brothers Company from the creation of the world down to the present time, for the sum of $2,000. The consent of the Pacific Coast Casualty Company we have set out above. The rule that the terms of a written instrument cannot be varied by parol testimony cannot be gainsaid, and it is well established that all prior contracts are merged in the written agreement, and that such agreement is a final reposi-

tory and evidence of the mutual obligation. But it is just as well established that parol testimony is admissible to explain written contracts when there is anything doubtful in the language used, or to supply omissions, or· to prove agreements between the parties which were not merged in the contract though they might have relation to the same subject-matter. It is the province of the court to determine, both from the written contract and from oral testimony, the intent of the parties in relation to what was incorporated in the written agreement.

"This intent," says Mr. Wigmore in his book on Evidence, § 2430, "must be sought where always intent must be sought, namely, in the conduct and language of the parties and the surrounding circumstances. The document alone will not suffice. What it was intended to cover cannot be known until we ·know what there was to cover. The question being whether certain subjects of negotiation were intended to be covered, we must compare the writing and the negotiations before we can determine whether they were in fact covered. Thus the apparent paradox is committed of receiving proof of certain negotiations in order to determine whether to exclude them ; and this doubtless has sometimes seemed to lower the rule to a quibble. But the paradox is apparent only. The explanation is that those alleged negotiations are received only provisionally. Although in form the witnesses may be allowed to recite the facts, yet in truth the facts will be afterwards treated as ·immaterial and legally void, if the rule is held applicable."

It will be noticed that this written agreement between the parties does not state the amount to be paid in settlement of the Brown claim, or for what cause of action it was to be paid. On this subject the written instrument is silent, and therefore it was proper and necessary in the interest of justice to admit testimony to show that the agreement was that the whole amount of the $2,000 was paid in settlement of the second cause of action, and that the admission of such testimony did not therefore controvert the general rule. An examination of the record convinces us that the finding of the court in

relation to the amount of premium due on the policy sued upon, and finding that Brown was in the class sued upon, was justified.

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, ROOT, and FULLERTON, JJ., concur.