## Collins' Executors v. Standard Accident Insurance Company.

(Decided May 5, 1916.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Negligence—Imputed Negligence.—The fact that a passenger in an automobile, the relative and guest of the owner, told the chauffeur, in the employ of the latter, to drive by a library and stop, then told him to go ahead, did not make the chauffeur the agent of such guest, hence his negligence could not be imputed to her.

2. Insurance—Indemnity Insurance—Evidence—Question For Jury.— There being some evidence of contributory negligence on the part

of the person injured, it was for the jury to say, in an action by the owner of the automobile against the insurance company on a policy of indemnity, whether in a previous action against her by the person injured, her refusal to plead the contributory negligence of the person injured, was a violation of a clause of the indemnity policy requiring her to aid in resisting the recovery of damages by the latter against her in such action.

3. Insurance—Indemnity Insurance—Evidence.—In an action by the holder of an automobile indemnity policy against the insurance company to recover the amount paid by her in satisfaction of a verdict and judgment in favor of a passenger in her machine for an injury sustained, upon a defense by the company of fraud and collusion between the owner and passenger in the action for damages, evidence examined and held sufficient to authorize submission to the jury of that question.

BENNETT H. YOUNG for appellants.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, common pleas branch, first division, entered upon a verdict returned for appellee in an action brought against it by Mrs. Ruth S. Collins upon an accident insurance or indemnity policy she obtained of the latter May 2, 1911, whereby, in consideration of the required premium she then paid, it agreed, subject to certain conditions set forth in the policy, to indemnify her against any loss, not exceeding $5,000.00, that might be imposed upon her by law and paid by her, by way of damages, on account of bodily injuries suffered by any person by reason of her use and operation of a certain automobile owned by her and described in the policy.

On February 12, 1912, and during the life of the policy mentioned, Mrs. Collins while riding in the automobile accompanied by her sister, Miss Sallie Sevier, for the accommodation of the latter caused the chauffeur operating it to stop the machine in front of the public library on York street between Third and Fourth streets in the city of Louisville. After Miss Sevier had accomplished the object for which the automobile was stopped, it was at her command or that of Mrs. Collins again put in motion by the chauffeur. It skidded or by other accidental means so suddenly changed its course as to strike a post at the edge of the pavement. The shock of the collision caused Miss Sevier, who was sitting on the

front seat of the machine, to fall therefrom to the ground, thereby causing her to receive, as claimed, certain bodily injuries, to recover for which she thereafter sued Mrs. Collins and obtained against her a verdict and judgment for $730.00 damages, with interest from May 26, 1913, and costs of the action, amounting to $29.40.

Claiming to have paid this judgment to Sallie Sevier, Mrs. Collins by this action on the policy of indemnity received by her of appellee, sought to recover it of the latter, its resistance of the recovery resulting, as already stated, in the verdict and judgment in its favor. After the motion of Mrs. Collins for a new trial was overruled and before the filing of the bill of exceptions, she died in Jefferson county, testate, and by an agreed order entered of record the cause was revived in the names of the Fidelity & Columbia Trust Company, executor, and Sallie Sevier, executrix of her will, who, in their fiduciary capacity, are now prosecuting this appeal.

Clause "F" of the policy provides:

"The assured upon the occurrence of an accident shall give immediate written notice thereof with the fullest information obtainable to the company at its home office, Detroit, Michigan, or to its duly authorized agent. He shall give like notice with full particulars of any claim made on account of such accident, and if thereafter any suit, even if groundless, be brought against the assured to recover damages on account of such injuries as are covered by this policy, he shall immediately forward to the company every summons or other process served on him, and the company will, at its own expense, defend against such suit in his name and on his behalf, or settle the same."

Clause "G" provides:

"The assured shall not voluntarily assume any liability nor settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or legal proceeding, without the consent of the company previously given in writing; but he may provide, at the company's expense, such immediate surgical relief as is imperative at the time of the accident. The assured, when requested by the company, shall aid in effecting settlements, securing evidence, the attendance of witnesses, and in prosecuting appeals."

Clause "J" provides:

"No action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by him in satisfaction of a judgment after trial of this issue; nor unless such action is brought within ninety days after final judgment against him has been satisfied."

The legal effect to be given the foregoing provisions of the policy is fully set forth in Fidelity & Casualty Co. of N. Y. v. Martin, 163 Ky. 12. Appellee's answer admits the issual of the policy to Mrs. Ruth S. Collins, but denies its liability thereon for the judgment recovered against her by Sallie Sevier, because it, as alleged, was procured by fraud and collusion between Mrs. Collins and Miss Sevier; that although the former notified appellee in writing of the accident, as required by a provision of clause "F" of the policy, such notice did not comply with the further provision thereof, requiring that she furnish full particulars of the accident to and claim of Miss Sevier; that Mrs. Collins also failed to comply with the provision of clause "G" of the policy, which required her when requested by appellee to aid it in securing evidence for use in defense of the action brought against her by Miss Sevier to recover damages on account of her injuries; and, likewise failed, as further required by the provision of clause "G" in question, when requested by appellee to do so, to rely in her answer to the petition in that action upon a plea alleging contributory negligence upon the part of Miss Sevier in the matter of receiving her injuries, or to aid appellee in making defense for her to that action by relying upon the contributory negligence of the plaintiff Sevier. Also that she refused, at appellee's request, to plead certain other facts in her answer, as required by the same provision, which, in the opinion of its counsel, if established by the evidence, would have constituted the chauffeur in charge of the automobile at the time of the accident the agent of Miss Sevier. The averments of the answer were controverted by reply.

There was no evidence tending to show that the chauffeur in charge of the machine was the agent of Miss Sevier at the time of the accident. The mere fact that he ran it to the public library and there stopped it, at her request, or that he left the library at her request, did not establish such agency. The machine was owned

by Mrs. Collins, who was in it with Miss Sevier during the ride of that day. The chauffeur was in Mrs. Collins' employ and subject to her control, which control was not lost by her, nor the relation that the chauffeur sustained as her agent altered, by the request or direction of Miss Sevier that he carry her in the machine to or from the public library, and the acquiescence of Mrs. Collins therein. In view of these facts there is no ground for appellee's contention that the negligence of the chauffeur alleged to have resulted in the injuries of Miss Sevier, if he was guilty of negligence, should be imputed to her. For these reasons the refusal of Mrs. Collins to rely upon this ground of defense in the answer filed by appellee's attorneys for her to the petition in the action brought by Miss Sevier against her, did not constitute a violation of the provision of clause "G" of the policy requiring her to aid it in resisting the recovery of damages sought against her in that action. Hence, the matter was properly omitted from the instructions given by the trial court to the jury.

There was, however, some evidence tending to show that the refusal of Mrs. Collins to rely upon the plea of contributory negligence contained in the answer originally prepared by her by appellee's counsel to be filed in the action brought against her by Miss Sevier was a violation of the provision of clause "G" referred to, because there was some evidence of such contributory negligence on the part of Miss Sevier, furnished by the testimony of the chauffeur in charge of the machine and the chauffeur in charge of the automobile of J. B. Camp, an eye-witness of the accident; that of the former being to the effect that at the time of the collision of the machine with the post, which he claimed was caused by the skidding of a wheel thereof on the ice of the street, Miss Sevier was sitting sidewise on the edge of the front seat with her back toward the door, talking to Mrs. Collins, the occupant of the back seat, from which position she was liable to be thrown from the seat and out of the machine by a sudden turn or jar thereof, and that but for the position in which she thus placed herself the collision of the machine with the post would not have thrown her to the ground. This testimony of the chauffeur was in large measure corroborated by that of the chauffeur of the Camp automobile. Though the testimony of the two chauffeurs mentioned was contra-

dicted by the testimony of Miss Sevier and in some sort by the deposition of Mrs. Collins, it furnished some support to appellee's contention that the refusal of Mrs. Collins to permit her answer in the original action to contain a plea of contributory negligence deprived her and appellee of a defense which the latter had a right to make for her in that action.

There was also some evidence conducing to sustain the further and principal ground of defense presented by appellee's answer in the instant case, namely, that the judgment recovered against Mrs. Collins by Miss Sevier was procured by and through fraud and collusion between them, such evidence being in part circumstantial and in part furnished by the conduct of Mrs. Collins and Miss Sevier, the testimony of the former and other witnesses, and as a whole manifesting, as contended by appellee, the facts: (1) That Mrs. Collins, in notifying it, and, later, its counsel of the accident, claim and action of Miss Sevier, falsely represented that there were no witnesses to the accident known to her other than Miss Sevier and herself, when she knew that the accident was witnessed by her chauffeur and the chauffeur of J. B. Camp, the latter having lifted Miss Sevier from the street and placed her in the automobile immediately following its collision with the post; (2) that in giving such notice, first to appellee and then to its counsel, she suppressed information of the fact that Miss Sevier was her sister and, at the time of the accident and for several years prior thereto, resided with her as a member of her family, and falsely represented that Miss Sevier's residence was either in St. Louis, Missouri, or Memphis, Tennessee; (3) that Mrs. Collins never informed appellee or its counsel of the relationship of Miss Sevier to her or that she was an inmate of her home until her deposition was given in the action of Miss Sevier against her; (4) that Mrs. Collins failed and refused to render appellee or its counsel any assistance in finding or securing evidence for use upon the trial of the action of Miss Sevier against her, and refused to make such defense in that action as appellee's counsel advised her would be authorized by the law and facts connected with and surrounding the accident; (5) that Mrs. Collins gave assistance to Miss Sevier in the action brought by the latter against her, by carrying her in her automobile to the office of her attorney

during the latter's preparation of the case for trial, carrying her and some of her witnesses to and from the courthouse during the trial, and, on one occasion, during the trial, taking Miss Sevier and her witnesses to a restaurant for luncheon and returning them to the courthouse; (6) that although Mrs. Collins, after the institution of the action against her by Miss Sevier, went at the request of appellee's counsel to their office to be advised with as to the defense necessary therein, she declined to make any statement to them or to be governed by their advice in respect thereto, and after the interview went from their office in her automobile to that of Miss Sevier's counsel and carried the latter therefrom to her home.

It was not the province of the trial court to determine, nor are we called upon to say whether the evidence tending to prove the foregoing facts and circumstances satisfactorily establish the fraud and collusion charged against Mrs. Collins and Miss Sevier. It was only the duty of that court to determine and of this court to declare whether the evidence authorized the submission of the issue as to the fraud and collusion to the decision of the jury, and as, in our opinion, it was sufficient for that purpose and we are unable to say the verdict is unsupported by evidence or is flagrantly against the evidence, we are without authority to disturb it, in the absence of error appearing in some ruling of the trial court, and no such error is disclosed by the record.

The two instructions given by the trial court with becoming brevity correctly submitted the issues of fact necessary to be determined by the jury, and the record as a whole disclosing no ground for a reversal, the judgment is affirmed.