EDWARD COLEMAN, Plaintiff, *v.* NEW AMSTERDAM CASUALTY COMPANY, Defendant.

Supreme Court, New York County, January 27, 1926.

Insurance — remedies of carrier — action against insurance carrier pursuant to Insurance Law, § 109, to recover damages for injuries suffered by plaintiff after return of unsatisfied execution against insured — carrier entitled to avail itself of any defense which it could have set up against insured had he sued carrier — carrier disclaimed liability on insured's failure to co-operate — co-operation is question of fact — complaint dismissed.

An insurance carrier under the usual policy of liability insurance may assert any defense, in an action by an injured person pursuant to section 109 of the Insurance Law to recover from the carrier after the return of an execution unsatisfied in an action against the insured, which it could have properly set up against the insured in an action brought by him under the terms of the policy.

Accordingly, a verdict for the plaintiff in an action against the defendant, under section 109 of the Insurance Law, arising from the return of an execution unsatisfied against defendant's insured, should be set aside and the complaint dismissed, where it appears that the carrier, after futile attempts to obtain information from the insured, concerning the claim, disclaimed liability and permitted judgment by default to be taken, particularly where, with the meagre information in the possession of the carrier, it could only speculate as to the extent of liability, and could not properly determine whether to defend or settle the claim.

What constitutes co-operation between a carrier and an insured is a question of fact. The carrier has a right, as a matter of law, to learn from the insured the facts upon which the claim arises in order to determine for itself whether or not it should defend or attempt to settle the claim.

MOTION by defendant to set aside a directed verdict and to dismiss the complaint in action under section 109 of the Insurance Law.

*Erwin, Fried & Czaki*, for the plaintiff.

*Frederick Mellor* [*Roy R. Richard* of counsel], for the defendant.

PROSKAUER, J. Defendant insured the Endicott Drug Store, Inc., " against loss from the liability \* \* \* as a result of any error \* \* \* in the filling of any prescription." Plaintiff recovered judgment against the assured for such an injury and, after return of execution unsatisfied (the assured being bankrupt), sues under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) providing that bankruptcy of the assured " shall not release the insurance carrier from the payment of damages " and " in case execution against the insured is returned unsatisfied \* \* \* because of such \* \* \* bankruptcy, then an action may be maintained

by the injured person   *   *   *   against such corporation under the terms of the policy   *   *   *."

The statute does not " deprive the insurance company of any defenses which it could have properly urged against the assured under the provisions of the policy had he brought an action thereon." (*Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667, 669.)   Specifically, in *Schoenfeld* v. *N. J. Fidelity & Plate Glass Ins. Co.* (203 App. Div. 796, 800), YOUNG, J., writes: " As between the assured and the insurance company, failure by the assured to comply with the condition of the policy requiring co-operation would prevent his recovery under the policy of the amount of the judgment if paid by him.   I can see nothing in the statute showing a legislative intent to deprive the company of this defense."

The defense here urged is such a failure to co-operate.

On the trial the jury answered in plaintiff's favor the special question, " Was there a material breach by the Endicott Drug Store, Inc., of the covenant to co-operate with the defendant in defending the action brought by " plaintiff.   This motion is to set aside the directed verdict and grant the reserved motion to dismiss.

When plaintiff began his action against the assured, defendant asked the assured's officer, Weiss, " what there was to this claim of negligence, who had filled the prescription and whether it was properly filled."   He replied: " I won't tell you anything about it unless I am going to be defended."   He said only " that a mistake had occurred," but refused to say what the mistake was.   He refused to verify an answer.   Finally, after futile attempts to secure further information, defendant disclaimed liability.   Judgment by default and an inquest followed.

Plaintiff contended that the assured's co-operation was useless on the issue of liability and was unnecessary on the issue of damage, because defendant could have contested on the inquest without assured's assistance.

What constitutes co-operation is usually a question of fact. (*Porter* v. *Traders' Ins. Co.*, 164 N. Y. 504; *Collins' Exrs.* v. *Standard Acc. Ins. Co.*, 170 Ky. 27; *Taxicab Motor Co.* v. *Pacific Coast Cas. Co.*, 73 Wash. 631; *Ward* v. *Maryland Cas. Co.*, 71 N. H. 262.) It may be excused as a matter of law if improperly demanded. Thus, a refusal to sign an answer if no defense in fact existed cannot be a failure to co-operate.   (*Collins' Exrs.* v. *Standard Acc. Ins. Co.*, 170 Ky. 27, 31.)   But while the meaning of " co-operation " cannot be expanded to include assistance in a sham defense, it cannot be contracted to exclude a fair statement of the facts of the case.   The insurer has a right as a matter of law to know from

the assured the facts upon which the injured asserts his claim in order to determine for itself whether it should contest or attempt to settle the claim.

The assured supplied the insurer with but the one fact that a mistake had occurred. With this meagre information the insurer might be justified in concluding that some liability in fact existed, but it had to speculate as to the extent of the liability. Its ability to contest the amount of the damages on the inquest was impaired by the refusal to give information as to the nature of the mistake. Defendant could not properly determine whether to resist or settle the claim, nor litigate the amount of damage.

The motion to set aside the verdict is granted and the reserved motion to dismiss the complaint is granted, with exceptions to the plaintiff.