# Conroy *v.* Commercial Casualty Ins. Co., Appellant.

*Insurance — Automobile insurance—Defenses—Collusion—Failure to file affidavit of defense—Failure of coöperation.*

1. On a contract for automobile indemnity insurance, where the policy provides for coöperation on the part of the insured with the insurance company, the insurer, in order to relieve itself from liability to the insured, must show a breach of contract that was something more than a mere technical departure from the letter of the policy, and that it really suffered a substantial prejudice and injury by the conduct of the insured.

2. Where the insured was compelled to pay a judgment against him for injuries to persons riding with him, and then sues the insurer for his loss, the insurance company cannot allege as a defense that it had abandoned the defense in the trial against the insured because the latter refused to make an affidavit of defense requested of him, if it appears that no affidavit of defense was required in such case, that, even if it were, the time for making one had expired, and that failure to file such affidavit in no way prejudiced the company.

3. In such case, the mere fact that the insured made a mistake in his original version as to the occurrences of the accident in his report to the company, is not enough to avoid the policy.

4. Collusion between the insured and the persons injured cannot be considered, where there is no evidence on the subject, and the insured, when called for cross-examination by the insurer, denies that there was any collusion.

*Negligence—Automobiles—Guests—Pleasure trip—Business.*

5. The liability of a driver of an automobile to an injured guest is the same, whether the trip was for pleasure or business.

6. The measure of responsibility in either case is the same, the right to recover depending in each instance on proof of want of ordinary care on the part of the driver.

Argued January 3, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 104, Jan. T., 1928, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1926, No.

743, for plaintiff n. o. v., in case of Joseph J. Conroy v. Commercial Casualty Insurance Co. Affirmed.

Assumpsit on policy of automobile indemnity insurance. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant on which judgment was entered for plaintiff for $2,985.80 n. o. v. Defendant appealed.

*Error assigned*, inter alia, was judgment n. o. v., quoting record.

*S. S. Herman*, for appellant.—The court below erred in assuming that the degree of care Conroy owed to the original plaintiffs, the Merritts, while they were in his car, was "the same whether the trip was one of business or pleasure": Cody v. Venzie, 263 Pa. 541; Simpson v. Jones, 284 Pa. 596; Ferrell v. Solski, 278 Pa. 565; O'Connell v. Cab Co., 84 Pa. Superior Ct. 323.

Conceding, as the court below does, that Conroy "had no right to inject his judgment as to the propriety or wisdom of defendant's conduct of the case," his refusal to sign the truthful affidavit of defense, whether or not needful as a matter of law, was not coöperation within the terms of the policy as defined by law.

Collusion between Conroy and the Merritts appears as an inescapable deduction from the uncontradicted facts of the record, and this alone justifies the reversal of the judgment.

The cases having to do with the subject all presuppose that the indemnitor, having been given notice of the pending action and being asked to defend, is only bound where any judgment obtained is obtained without fraud or collusion: Orth v. Gas Co., 280 Pa. 118, 121; Fowler v. Boro., 17 Pa. Superior Ct. 366, 372.

The performance of conditions of an insurance policy by the assured is a prerequisite to recovery: McClure v. Ins. Co., 90 Pa. 277; Long v. Beeber, 106 Pa. 466; Ly-

coming Ins. Co. v. Mitchell & Boyle, 48 Pa. 367; Ellis v. Ins. Co., 7 Pa. Superior Ct. 259; Hall v. Ins. Co., 64 Pa. Superior Ct. 333.

*Israel K. Levy,* for appellee.—Appellant tried the case in the court below on the theory that appellee committed a breach of the coöperation clause in the insurance policy by refusing to sign an affidavit of defense in the original action, and cannot now raise other questions on this appeal: Messmore's Est., 290 Pa. 107.

Where an insurance company issues an indemnity policy to defend and indemnify its assured against all claims for damages for personal injuries sustained by reason of the operation of his automobile for business purposes and for pleasure, the company is not justified in abandoning, prior to trial, the defense of an action in trespass for negligence and disclaiming liability under its policy by reason of the refusal by the assured to execute an affidavit of defense,—after the time for filing had expired,—when no affidavit of defense was required by law to be filed, and the failure to file such affidavit was not in any wise prejudicial to the interests of the insurance company: Sokoloff v. F. & C. Co., 288 Pa. 211; Wilson v. Express Co., 72 Pa. Superior Ct. 384; Charlap v. Lepow, 87 Pa. Superior Ct. 466; Parry v. Bank, 270 Pa. 556; Leonard v. Coleman, 273 Pa. 62; Cody v. Venzie, 263 Pa. 541; Ferrell v. Solski, 278 Pa. 565; Simpson v. Jones, 284 Pa. 596.

The burden of proving noncoöperation by plaintiff in a material respect was on defendant: Sokoloff v. Casualty Co., 288 Pa. 211; Irwin v. Weikel, 282 Pa. 259; Erie City v. Butler, 120 Pa. 374; Murphy v. Mfg. Co., 89 Pa. Superior Ct. 281; St. Louis Beef Co. v. Casualty Co., 201 U. S. 173.

The judgment in the case of Merritt v. Conroy is conclusive on defendant as to the purpose for which the automobile ride was undertaken: Brobston v. Boro., 290 Pa. 331; Newbold's Est., 65 Pa. Superior Ct. 151;

Orth v. Gas Co., 280 Pa. 118; Fowler v. Boro., 17 Pa. Superior Ct. 366; Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360; Erie County Electric Co. v. Telephone Co., 265 Pa. 181.

The record does not disclose any evidence of fraud or collusion by plaintiff: Morningstar v R. R., 290 Pa. 14; Walkinshaw's Est., 275 Pa. 121; Hellam Furniture Co. v. Strassman, 87 Pa. Superior Ct. 202.

OPINION BY MR. JUSTICE SADLER, January 23, 1928:

Conroy, plaintiff, engaged as an automobile salesman, insured against liability for injuries to others, while his car was employed for business or pleasure purposes. On the day of the accident which gave rise to the present controversy, he prepared to visit a boys' camp located some distance from his home. Before leaving, the Merritts, friends of the family, called, and, upon invitation, agreed to accompany him on the trip. While returning the automobile was upset with resulting injury to one of the occupants, of which fact notice was given to the defendant insurer. In the communication sent, as well as in subsequent statements made to investigators for the surety company, the passengers in the car were designated as guests, and the character of the trip defined as one for pleasure. Mrs. Merritt, the party hurt, and her husband, brought actions for damages on November 22, 1923, and the defense of the suits was undertaken by the surety company, which had been properly advised of the institution of the litigation. Later, statements were served setting forth that plaintiffs were passengers in Conroy's car at his invitation and request, and were injured by reason of his negligent operation of it. On April 9, 1925, an amendment was filed by the claimants in which it was averred that the trip was taken at the suggestion of the owner "for the purpose of demonstration, they being prospective purchasers of an automobile." No affidavit of defense was interposed

within fifteen days, and the case appeared upon the trial list for June 3d.

On that day counsel for the surety company demanded that Conroy execute an affidavit of defense, denying that the trip, during the course of which the accident occurred, was taken for business purposes, but, on the contrary, was intended solely for mutual entertainment, as the insured had previously stated. He refused to make such affidavit, stating that, though he had invited the Merritts to take a pleasure ride, he did have in view the sale of a car to them, and was anxious to demonstrate the suitability of the type used in the hope that a purchase might result. Upon refusal to sign the prepared paper, the defendant company disclaimed further liability, and its counsel withdrew his appearance for Conroy. Another attorney was secured by him, and the damage case called for trial on February 8, 1926. Though notified, the surety company took no formal part at the hearing, which resulted in judgments for the Merritts to the total amount of $2,000. Of this fact, and the refusal of the court to enter judgments n. o. v., the insurer was advised, with the suggestion that it should appeal, if deemed to its interest. No such step was taken, and executions were issued against Conroy. He paid the amounts due, with interest and costs, and brought suit against the insurance company to recover this sum, with attorney fees expended, amounting in all to $2,985.80.

The present action is based upon the policy by which the defendant agreed to indemnify Conroy against claims for damages arising from the operation of his automobile. In the statement of claim the facts as already detailed are set forth, and are admitted by the affidavit of defense. It is claimed, however, that no recovery can be had, under the circumstances appearing, by reason of paragraph D of the insurance contract, which provides, in part, "If a claim for damages is made upon the assured on account of such accident, the

assured shall give notice thereof with full particulars. The assured shall at all times render to the company all coöperation and assistance in his power," and paragraph E, which reads, "The assured, whenever requested by the company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses, and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding."

The defense made was that the refusal to sign the affidavit by Conroy, as requested, in which the character of the trip was defined, constituted a violation of the terms of the policy, permitting a disclaimer of liability, and that this course was specially justified in view of the retraction or modification of his first statement that the ride was for mutual pleasure. It was further averred that Conroy had been guilty of fraud and collusion in assisting the Merritts to recover judgment for damages against him. The issue, as tried, was confined to the question of whether the original declaration as to the purpose of the ride was true, and the jury so found. No other question was submitted, nor was the court asked to have it pass upon the alleged fraud of Conroy, nor were exceptions taken to its failure to do so. The court subsequently entered judgment for the plaintiff non obstante veredicto, and defendant has appealed.

It is insisted that there can be no recovery in this case because of the refusal of plaintiff to coöperate in good faith with the insurance company, as required by the terms of the policy. "In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond,—that it is a departure that results in a substantial prejudice and injury to its position in the matter": Frank Parmelee Co. v. Ætna Life Ins. Co., 166 Fed. 741; Porter v. Traders Ins. Co., 164 N. Y. 504. The defendant undertakes to indemnify for compensation, and can be relieved of "its obligation for

suretyship only where a departure from the contract is shown to be a material variance": Young v. American Bonding Co., 228 Pa. 373; Sokoloff v. F. & C. Co., 288 Pa. 211. Unless it appears that something was done or omitted by Conroy to the prejudice of the defendant, the company is not relieved from the duty to make good the loss as it had undertaken to do by its contract.

The first default of the plaintiff complained of rests on the inaccuracy of his narration of the "full particulars" of the accident furnished to the company and its investigators. He originally declared the trip was for pleasure, and the Merritts were his guests. Later, this statement was qualified by the assertion that the journey was also for demonstration purposes, he having in mind the sale of a car to Merritt. The fact that the insured makes a mistake in his version of the occurrences is not enough to avoid the policy: 36 C. J. 1107. As was said in Moran Bros. Co. v. Pacific Coast Casualty Co., 48 Wash. 592, 94 Pac. 106, where a similar question was considered: "We think the essential object of this report is to give the company notice, and notice at once, of the character of the injury and the probability of liability, and it is not intended that any mistake the [insured] might make in giving his version of the facts would render the policy ineffectual. It certainly is not intended that the answers should be as explicit and certain as an answer to the complaint in the case, or should constitute to the insurance company a warranty that the facts reported could be substantiated at the trial." To the same effect are Ward v. Maryland Casualty Co., 71 N. H. 262, 51 Atl. 900; Taxicab Motor Co. v. Pacific Coast Casualty Co., 73 Wash. 631, 132 Pac. 393.

If the insured refuses to give any information, so that the company is unable to make defense, it cannot be said there is coöperation, and in that case a recovery should be denied: Coleman v. New Amsterdam Casualty Co., 213 N. Y. Supp. 522. The same is true if he

226 CONROY v. COMMERCIAL CAS. INS. CO., Aplnt.

absents himself so that his evidence cannot be taken advantage of: Schoenfeld v. N. J. F. & P. Glass Ins. Co., 197 N. Y. Supp. 606. And where there is a finding that deliberate misstatements were made to the prejudice of the surety in collusion with the one injured, there is such fraud as will prevent judgment: Bassi v. Bassi (Minn.), 205 N. W. 947; Collins v. Standard Accident Ins. Co., 170 Ky. 27, 185 S. W. 112. A lack of good faith must be proved (Roth v. National Automobile Mut. Cas. Co., 195 N. C. Supp. 865), and is not to be inferred merely from the close relation of the parties, as, for example, father and daughter-in-law: U. S. Casualty Co. v. Drew, 5 Fed. (2d) 498.

In the present case, though collusion is charged in the affidavit of defense, the question was not pressed at the trial, nor submitted to the jury. The only evidence offered by the defendant was that of the plaintiff, called on cross-examination, and whose uncontradicted statements are binding: Morningstar v. R. R., 290 Pa. 14. It established only that the injured parties were friends; that Conroy had not been called as a witness at the first trial, and had modified his original statement as to the purpose of the trip, to conform, as he insisted, with the actual facts. An examination of the record justified the statement appearing in the opinion filed by the court below: "It was not contended nor shown in the case before us that the contradictory versions of the trip as told by the plaintiff to his insurance company, or his conduct in refusing to execute the affidavit of defense, was the result of an improper collusion with the injured person, or was the product of bad faith on his part. Had this been the case, a different question would have been presented."

The further complaint is made that the plaintiff failed to comply with his contract and coöperate with the insurance company, when he refused to execute the affidavit of defense, denying that the journey, on which Mrs. Merritt was injured, had been undertaken for busi-

ness purposes. It was the duty of the insurer to conduct the defense of the claim, and within its power to determine the course of action to be followed. If it appeared that the execution of a pleading such as requested was legally required, so that an available defense could be asserted on trial, then it became the duty of the insured to comply with the demand, if the facts set forth were true: Collins v. Standard Accident Ins. Co., supra. On the other hand, it was unnecessary for him to do a useless thing, and unless some prejudice resulted from his refusal, the company had not the right to repudiate its obligation. The insurer did not deem it necessary to interpose an affidavit of defense to the original statement of claim. The amendment, averring the trip to be one for business and not pleasure, was allowed, and a new statement filed on April 13, 1925. No attempt to answer this was made within fifteen days, the time fixed by the Practice Act (May 14, 1915, P. L. 483, section 12). It was not until June 3d, when the case was on the trial list, that the plaintiff was asked to execute the proposed affidavit of defense.

Even if the delay beyond the statutory period had been overlooked by the court, and leave granted to file the affidavit, it would have been of no benefit in conserving any rights of the insurance company, and it was in no way prejudiced by its omission. The action of the Merritts was one of trespass, and no affidavit of defense was required to permit proof of the fact that the plaintiffs were engaged on a journey for pleasure rather than business. The failure to file such a pleading admits "averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved...... [but] the averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in

issue in all cases unless expressly admitted": Practice Act, section 13.

There was nothing to prevent the insurance company from taking advantage of the fact that the trip resulting in the accident was for pleasure only, though no affidavit so asserting was filed, and it was not injured by the failure of Conroy to execute the one prepared: Leonard v. Coleman, 273 Pa. 62; Flanigan v. McLean, 267 Pa. 553; Fleccia v. Atkins, 270 Pa. 573. In view of the well established legal rule that the liability of the driver of the car to the injured guest was the same, whether the trip was for pleasure or business, the amendment to the statement of claim originally filed by the Merritts was of no moment. The measure of responsibility in either case was the same, the right to recover depending in each instance on proof of want of ordinary care on the part of Conroy: Cody v. Venzie, 263 Pa. 541; Ferrell v. Solski, 278 Pa. 565; Simpson v. Jones, 284 Pa. 596. The defendant was in no way prejudiced by the refusal of Conroy to sign, and could not repudiate its liability for that reason, as attempted.

Admittedly, plaintiff was compelled to pay the sum of $2,985.80 in satisfaction of the claims against him, and he is entitled to reimbursement, as held in the court below.

The judgment is affirmed.