PETER MEDICO

*vs.*

EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.

PHILIP MISTERLY *vs.* SAME.

JOSEPH MIANO *vs.* SAME.

SALVATORE GASCONE *vs.* SAME.

Cumberland.    Opinion, April 18, 1934.

*Benjamin L. Berman,*
*David V. Berman,* for plaintiffs.
*William B. Mahoney,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   On report. Bills in equity to reach and apply the obligations of insurer in satisfaction of judgment debts of an insured in favor of plaintiffs, brought under authority of Sections 177 and 179, Chapter 60, R. S. 1930. The cases may be discussed as one, the issues being the same in all.

Defendant is a foreign corporation authorized to transact business in this state and subject to process through service on the Insurance Commissioner of Maine. It issued in Massachusetts on January 22, 1931, to one James Dodero of Brockton in that Com-

monwealth, a policy of insurance against personal liability for negligence in the operation of his automobile. The policy contained an extra-territorial coverage provision within the limits of the United States and Canada. The assured is bound by a condition in the policy to co-operate with the insurer in investigating and settling resulting claims, securing the attendance of witnesses, and defending actions. While this insurance was in effect, the automobile owned and driven by insured collided with a bridge abutment in Maine, thereby causing physical injury to the plaintiffs, residents of Massachusetts but then commorant in Lewiston, his guest passengers. During the succeeding twelve months, plaintiffs recovered judgments severally in tort actions against the insured in the Superior Court of this state, which judgments were returned unsatisfied and are still in force and effect. After the requisite lapse of time, these bills in equity were brought and service had through the Insurance Commissioner.

Counsel for the insurance company defended the actions at law. During the course of the trial, he insisted that there was a material difference between statements made by defendant prior to the trials and his testimony. Reserving whatever defenses might be open to the insurer by reason of the conduct of the insured, should actions be brought against it by judgment creditors, counsel went on with the cases with the result stated.

In these proceedings, the defenses relied upon are (1) no legal service on defendant, (2) non-joinder of insured as a party, and (3) breach by insured of the co-operative clause in the policy.

So far as the first point is concerned, it is only necessary to say that a foreign insurance company must, before transacting business in this state, appoint the Insurance Commissioner its attorney, upon whom there may be the serving of legal processes against it; and such service so made shall be deemed sufficient. Secs. 105, 118, Chap. 60, R. S. 1930.

We see no merit in the second point raised by defendant. The general equity rule is that all persons materially interested in the case must be parties thereto, but this is subject to a number of well defined exceptions, and its application rests in the sound discretion of the Court. *Stevenson et al* v. *Austin et al*, 3 Met., 474; *Smith* v. *Williams et al*, 116 Mass., 510; *Sears* v. *Hardy*, 120 Mass., 524.

The cases distinguish between those who may properly be made parties to a suit in equity and those who must necessarily be joined. The distinction has been drawn many times and may be generally summarized as follows.

Necessary or indispensable parties are those without whom the Court will not proceed to any decree, even as to the parties before it. This class includes all persons who have an interest in the controversy of such a nature that a final decree can not be made without either affecting their interests or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. Accordingly, persons whose interests will necessarily be affected by any decree that can be rendered are necessary and indispensable parties, and the Court will not proceed to a decree without them, while parties whose interests will not be affected by the decree sought, although they may have an interest in the subject matter, are not ordinarily necessary parties, although they may sometimes be proper parties under the general rule in order to avoid a multiplicity of suits. Therefore the object rather than the subject of the suit must be looked to, and only those are necessary parties whose rights are involved in the purpose of the bill. Also the prayer for relief is important in determining the requisite parties, as one need not be made a party against whom no relief is demanded, provided his rights will not necessarily be affected. But all those against whom relief is prayed are necessary parties, and persons whose rights will be affected by the decree are necessary parties, although no relief is prayed against them.

Formal or nominal parties, sometimes termed proper parties, are those who have no interest in the controversy between the immediate litigants but who have an interest in the subject matter which may be conveniently settled in a suit and thereby prevent future litigation. Such persons may be made parties or not, at the option of the plaintiff, provided the decree can be made in their absence without prejudice to the parties before the Court, and especially may they be omitted where it is impracticable to bring them in. The criterion by which to determine when one is a mere formal or nominal party is whether or not a decree is sought against him.

It has been decided in our Court that if one of two joint promissors has neither domicile nor property in this state, a separate action may be maintained against the other. *Dennett* v. *Chick et al,* 2 Me., 191 ; *Rand* v. *Nutter,* 56 Me., 339.

In the instant case, the insured was a non-resident. He is described in the pleadings as a resident of Brockton, in the Commonwealth of Massachusetts, and is so referred to in briefs of both plaintiff and defendant, as well as in oral testimony and documentary exhibits. According to the rule laid down in *Laurence* v. *Rokes,* 53 Me., 110, and affirmed in *Hyams* v. *Old Dominion Company,* 113 Me., 337, 93 A., 899, the fact that he was a non-resident relieves plaintiff from joining him as a party even though, had he been a resident, it might have been necessary to do so.

As to the third defense relied upon, plaintiff argues first, that it is not made out in fact, and second, that it is not open to defendant because of the provisions of our statutes.

Sec. 180, Chap. 60, R. S. 1930, enumerates certain defenses open to the insured in cases such as this, among which lack of co-operation does not appear but fraud or collusion between the judgment creditor and the insured is included. The two defenses are not synonymous. Lack of co-operation may include fraud or collusion or may consist simply in refusal to act.

In the instant case, the defense is based on comparison between a statement made to an investigator by the insured and testimony given by him in the trial of the tort cases, which it is alleged reveals inconsistencies and contradictions only to be accounted for by wrongful intent on the part of insured. If the evidence warranted such a conclusion, fraud or collusion would be proven. The giving by the insured of intentionally false testimony, material in its nature and prejudicial in its effect, would be good ground for releasing the insurer from liability.

It may be unimportant whether such a defense is denominated lack of co-operation or more properly described as fraud. In fact, in many opinions and in the text-books, it is not infrequent to find the two defenses confused. But neither is made out simply because of slight discrepancies in statements of the insured made at different times and under different circumstances.

Such discrepancies are admissible but are not, per se, sufficient

to excuse performance of insurer's contract. *Solomon* v. *Ins. Co.*, 229 N. Y. S., 257. Lack of good faith must be proved and is not to be inferred. *Roth* v. *Casualty Co.*, 195 N. Y. S., 865; *U. S. Casualty Co.* v. *Drew*, 5 Fed. (2nd) 498. Slight differences in statements as to speed of automobile are unimportant. *Donahue* v. *Peppard* (Minn.), 248 N. W., 48. An honest error in the statement of facts or failure to disclose some collateral fact will not necessarily be held to excuse insurer. *Buckner* v. *Buckner* (Wis.), 241 N. W., 342.

It is not intended that mistakes made by the insured in giving his version of the facts would render the policy ineffectual nor that the answer should be as explicit and certain as an answer to a complaint or constitute a warranty that the facts reported would be substantiated at the trial. *Moran Bros. Co.* v. *Casualty Co.* (Wash.), 94 Pac., 106. To escape liability, the insurer must show that the variances between different statements of the insured resulted in substantial prejudice and injury. *Conroy* v. *Casualty Co.* (Pa.), 140 Atl., 905.

Considered in the light of the reported cases, in order to relieve the insurer from liability, the insured must have wilfully misinformed the company concerning essential facts or in collusion with the plaintiff attempted to defraud the company by refusing to testify to the real facts of the accident or testifying falsely concerning them. *Bassi* v. *Bassi* (Minn.), 205 N. W., 947; *Rohlf* v. *Indemnity Co.* (Ohio), 161 N. E., 232.

In *Taxicab Motor Co.* v. *Casualty Co.* (Wash.), 132 Pac., 393, it appeared that at the inquest an officer of the insured made certain statements which conflicted with his evidence at the trial. It does not appear, however, that the officer testified falsely at the inquest or that his testimony was anything more than the result of mistake. Under such circumstances, the policy would not be avoided.

The conduct of the assured in furnishing an incorrect though not intentionally false statement to the company at the time of the accident, which tended to absolve him from blame, and with which his testimony at the trial was in substantial conflict, the latter constituting virtually a confession of negligence on his part, would not furnish a defense to the insurer in the absence of evidence that

the testimony given at the trial was false. *Guerin* v. *Indemnity Ins. Co.*, 107 Conn., 649, 142 A., 268.

An examination of the record of this case shows certain unimportant variances between the statement made by the insured to the insurer's agent and his testimony given in court. We find no evidence of bad faith on his part and no more inconsistencies in the different versions which he gave than might well be accounted for by passage of time and the fact that in the first instance he was relating his story in answer to informal and probably more or less suggestive questions, while later he was testifying in a courtroom with the accompanying embarrassment incident to such an occasion.

There is nothing in the record to warrant the conclusion that the insured was guilty of fraud or collusion or of lack of co-operation. This being so, a discussion as to whether or not the latter defense is open to the insurer under the circumstances of this case and in view of our statute seems unnecessary.

> *Bills sustained with costs.*
> *Decrees in accordance with*
> *this opinion.*