**Frank SWAN, Linda Swan, and Scott Swan, individually, and Frank Swan and Linda Swan in their capacities as personal representatives of the Estate of Chad Eric Swan, Plaintiffs,**

v.

**SOHIO OIL COMPANY, a/k/a B.P. Oil Company, Defendant.**

**No. 90–0236–P.**

United States District Court, D. Maine.

July 1, 1991.

Arthur J. Greif, Isaacson & Raymond, P.A., Lewiston, Me., for plaintiffs.

Michael Messerschmidt, Preti, Flaherty, Beliveau & Pachios, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

Plaintiffs' Complaint alleges that Chad Swan, the youngest son of Frank and Linda Swan, was seriously injured in the early evening of January 20, 1989 when the car in which he was a passenger crashed into a utility pole in Auburn, Maine. Adam Jordan, a seventeen-year-old resident of Turner, Maine, was allegedly driving the car under the influence of six or more cans of beer he had purchased from Gibb's Gas 'N' Shop in Lewiston, Maine. The Gas 'N' Shop store is allegedly operated by Defendant Sohio Oil Company (hereinafter Sohio). Chad Swan eventually slipped into a persistent vegetative state. On January 24, 1990, the central venous line which supplied hydration to Chad was removed pursuant to the directions of his parents. Chad Swan died on February 4, 1990.

Plaintiffs initiated this action on October 4, 1990 naming only Sohio as the defendant. The Complaint contains five counts: (1) negligent infliction of emotional distress, (2) reckless infliction of emotional distress, (3) negligent sale of alcohol in violation of 28–A M.R.S.A. section 2506, (4) reckless sale of alcohol in violation of 28–A M.R.S.A. section 2507, and (5) wrongful death. Plaintiffs now move for leave to amend the Complaint to add Adam Jordan as a "nominal defendant."[1] Defendant objects to the motion for leave to amend, and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b). For the reasons discussed below, the Court will grant Plaintiffs' motion to amend pleadings and will dismiss this litigation without prejudice for lack of subject matter jurisdiction.

## I. LEAVE TO AMEND

[1, 2] Federal Rule of Civil Procedure 15(a) requires that leave to amend plead-

---

1. Plaintiffs also move to amend their pleadings to make clear that Defendant Sohio is also known by the corporate name of BP Oil Company. Defendant offers no objection to this clari-fication. Accordingly, the Court has included the amendment in the heading of this memorandum of decision.

ings be "freely given when justice so requires." Fed.R.Civ.P. 15(a). While granting leave is a matter of the trial court's informed discretion, *Diotima Shipping Corp. v. Chase, Leavitt & Co.*, 102 F.R.D. 532, 534 (D.Me.1984), the ordinary practice is to grant leave to amend pleadings unless there is a compelling reason to the contrary. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing specific grounds upon which a court might refuse to grant leave to amend). There are compelling reasons in this case supporting the granting of Plaintiffs' motion. The "Name and Retain" provision of the Maine Liquor Liability Act (hereinafter the Act) requires the addition of Adam Jordan as a defendant if this case is to be allowed to proceed:

> No action against a server may be maintained unless the minor, the intoxicated individual or the estate of the minor or intoxicated individual is named as a defendant in the action and is retained in the action until the litigation is concluded by trial or settlement.

28–A M.R.S.A. § 2512(1). The necessary consequence of denying Plaintiffs' motion would be the dismissal of Counts III, IV, and V of the Complaint for failure to join an indispensable party. Granting Plaintiffs' motion will permit this case to proceed to consideration of weightier substantive issues.

The disposition of this motion is complicated, however, by a Release and Indemnity Agreement between Plaintiffs and Adam Jordan which purports to: (1) release and forever discharge Adam Jordan and his insurers from "all claims, demands, actions or causes of action" by Plaintiffs as personal representatives of Chad Swan's estate arising from the accident on January 20, 1989, and (2) totally indemnify and hold harmless Adam Jordan and his insurers from any third-party claims associated with the accident. As a result, Jordan may have

available the complete affirmative defense of accord and satisfaction should he be added as a defendant.[2] Nonetheless, the equities in this circumstance require granting Plaintiffs' motion for leave to amend. The Court cannot state unequivocally at this stage of the litigation that Plaintiffs' addition of Adam Jordan as a defendant will be rendered futile by the defense of accord and satisfaction. However, it is not appropriate for the Court to consider the resolution of substantive issues that may be generated as a result of the amendment when determining whether an amendment should be allowed. The better course is to permit this amendment to the Complaint and allow full, comprehensive, and careful briefing by all concerned parties on whatever pretrial dispositive motion Jordan's counsel deems appropriate.

There is a second reason why justice requires this Court to grant Plaintiffs' motion to amend the Complaint. Plaintiffs and Defendant Sohio advance directly competing constructions of previously uninterpreted provisions of the Act in their arguments over several state and federal constitutional challenges raised by Plaintiffs.[3] Denying Plaintiffs' motion to amend would require the Court to reach these constitutional issues and, as a result, to construe the Act with little or no guidance from Maine's state courts. Comity and principles of federalism dictate that the Maine Law Court be given the first opportunity, whenever possible, to provide authoritative constructions of Maine's statutes and to decide issues arising out of Maine's constitution.

*Peters v. Saft*, Docket No. 89–89 (Dec. 17, 1990) (Kennebec Superior Court) (Alexander, J.), which addressed some of the issues raised in the present matter, is currently under advisement in the Maine Law

---

2. Adam Jordan appeared specially in this matter to argue that the amendment proposed by Plaintiffs is futile.

3. Plaintiffs challenge both the Name and Retain requirement and the provision apparently establishing that the Act is the exclusive remedy for

injuries suffered due to negligent or reckless sale of liquor. *See* 28–A M.R.S.A. § 2511 ("This Act is the exclusive remedy against servers who may be made defendants under section 2505, for claims by those suffering damages based on the servers' service of liquor").

Court.[4] Justice certainly requires that this Court refrain from any action which might prejudice these parties until *Peters* has been decided. But more importantly, the Law Court's decision in *Peters* may not resolve all of the issues raised by this case. Maine's state courts should be permitted to address these important state statutory and constitutional issues before this Court finally disposes of any part of this case. This desirable result is easily achievable in this case because, as a consequence of the allowance of Plaintiffs' motion to amend the Complaint, this Court lacks subject matter jurisdiction and this matter must be dismissed without prejudice. Plaintiffs will hereafter be free to reinitiate this lawsuit in the state courts, where these issues can best be addressed on a timely basis.

## II. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

■ Defendant Sohio points out in its opposition to Plaintiffs' motion to amend pleadings that the addition of Adam Jordan, a Maine resident, will destroy the complete diversity upon which the Court's jurisdiction over this subject matter is premised.[5] The exclusive basis for jurisdiction advanced by Plaintiffs in their Complaint was the diversity of the parties. *See* 28 U.S.C. § 1332. One of the longest standing principles of law in the United States is that there is no diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Plaintiffs are Maine residents, and Adam Jordan is a Maine resident. Complete diversity is therefore destroyed by the addition of Adam Jordan. The Court is without subject matter jurisdiction over this case.

■ Plaintiffs attempt to fend off this inevitable result by arguing that Adam Jordan is a "nominal defendant" whose interests are, in fact, aligned with Plaintiffs'

interests. Nominal parties (also known as "formal parties" or "proper parties") generally have three defining characteristics: (1) they have no interest in the litigation; (2) they have an interest in settling the issues raised by the litigation in order that future litigation will be unnecessary; and (3) a decree may issue in the litigation in their absence without prejudice to the parties before the Court. *Medico v. Employers Liability Assurance Corporation, Inc.*, 132 Me. 422, 425, 172 A. 1 (1934). These three characteristics cannot reasonably be ascribed to Adam Jordan.

Among other reasons is the fact that a decree could not be entered in this case without Jordan's participation as a litigant. The legislative history of the Act makes absolutely clear that the Maine legislature added the Name and Retain provision to require that the intoxicated individual be a full participant in any lawsuit through to its conclusion:

> The Committee agreed that the intoxicated individual who directly caused the injuries should be made to bear his share of the damages. Included in this legislation, then, is a "name and retain" section.... When a server is sued under the Act, the intoxicated person she served must be named as a defendant in the suit and retained until the suit is concluded. This will make sure that a responsible party is not left out of the suit in zeal for reaching only the "deep pocket." It also ensures that the situation will be avoided where the intoxicated individual settles with the injured party, probably at the limits of his insurance policy, then accepts all responsibility for the damages as a witness in the suit against the server, so the server pays little or nothing, and the plaintiff receives inadequate compensation. In adding the "name and retain" section, the Committee realized that such a provision discourages, prohibits in some cases, settlement. The Com-

---

**4.** The Law Court heard oral argument on June 20, 1991 and is expected to issue a decision in the near future.

**5.** Defendant Sohio did not include lack of subject matter jurisdiction as a basis for its motion

to dismiss. However, the Court may raise, *sua sponte*, an issue which affects the Court's subject matter jurisdiction. *Carey v. Maine School Administrative District No. 17*, 754 F.Supp. 906, 925 n. 16 (D.Me.1990) (Carter, C.J.).

**22**

mittee determined, however, that the sacrifice in settlements should be made for the increase in fairness shown to both the plaintiff and the server. "The Dram Shop Act and Liquor Liability Law in Maine," Report of a Study by the Joint Standing Committee on Legal Affairs 9–10 (Feb.1986). The Name and Retain provision is not a technical pleading requirement, as Plaintiff suggests. Adam Jordan must be an interested litigant whose participation, not mere presence, is required. As a result, complete diversity is destroyed by Plaintiffs' motion to amend, and this Court is without subject matter jurisdiction.

Accordingly, the Court hereby *GRANTS* Plaintiffs' motion to amend their pleadings. The Court hereby *DISMISSES* Plaintiffs' Complaint for lack of subject matter jurisdiction.

So ORDERED.