Jerome V. SWEENEY, II, on his own behalf and on behalf of all others similarly situated

v.

**KEYSTONE PROVIDENT LIFE INSUR-ANCE COMPANY;** Keystone Custodian Funds, Inc.; Travelers Corporation of Hartford, Connecticut; and Keystone Massachusetts, Inc.

Civ. A. No. 82–682–Z.

United States District Court, D. Massachusetts.

April 19, 1983.

Edward DeFranceschi and Edward F. Haber, Boston, Mass., for plaintiff.

Paul B. Galvani, Eleanor D. Acheson, Ropes & Gray, Boston, Mass., Daniel A. Pollack, Pollack & Kaminski, New York City, for defendants.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

This is a class action brought by plaintiff Jerome V. Sweeney, II as representative of a class of 925 persons who purchased variable annuities from defendant Keystone Provident Life Insurance Company. The annuities, known as "Keystone 100s," were sold pursuant to a prospectus dated April 9, 1981. Plaintiff claims that the prospectus contains misleading statements and material omissions in discussing the tax implications of the annuities and the likely position of the Internal Revenue Service on their tax-deferred status based on past revenue rulings. The original complaint, filed March 10, 1982, alleged that defendants violated Rule 10b–5, 17 C.F.R. § 240.10b–5, and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).

In May 1982, defendants stipulated to class certification on the 10b–5 action. In August, plaintiff, without defendants' objection, added a claim under the Massachusetts Consumer Protection Statute, Mass. Gen.Laws ch. 93A, to the class action. In December, plaintiff filed a second motion to amend the complaint by adding three more violations of federal securities law. Defendants contest the proposed amendments on the grounds that the new counts are either legally insufficient or should not be added at this late date because of undue delay and prejudice. Both parties have filed summary judgment motions on the ch. 93A claim.

## A. *Motion to Amend*

Plaintiff seeks to add claims under Sections 11, 12(2), and 17(a) of the Securities Act of 1933. Section 17(a), 15 U.S.C. § 77q(a), is a criminal provision making it unlawful, in the sale of securities in interstate commerce, to defraud the purchaser by untrue statements or material omissions. Section 12(2), 15 U.S.C. § 77*l* (2), more limited in scope, creates civil liability for any securities seller who uses interstate commerce or the mails to disseminate a prospectus with misleading statements or omissions. Section 11, 15 U.S.C. § 77k, covers misstatements and omissions in registration statements, of which the prospectus is an integral part. It also increases the number of possible defendants, exposing the issuer, underwriter, corporate directors and assorted experts to civil suit. Plaintiff reasserts the same facts outlined in the original complaint to support these three new claims, with one minor exception.[1] I conclude that he may add the Section 11 count, but that the other two counts are legally deficient.

### 1. *Section 17(a) claim*

■ Section 17(a) does not create an explicit civil remedy. Although the Supreme Court and the First Circuit have not decided whether a private right of action may be implied from the statute, the district courts in this circuit, including this Court, have consistently held that no such action is available. *See, e.g., Rindner v. Stockcross, Inc.* [1981 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,885 at 90,480 (D.Mass. Jan. 23, 1981) (Zobel, J.); *Kaufman v. Magid,* 539 F.Supp. 1088 (D.Mass.1982); *Manchester Bank v. Connecticut Bank & Trust Co.,* 497 F.Supp. 1304 (D.N.H.1980). Because of the detailed scheme of civil remedies with their corresponding limitations on liability provided by the 1933 Act, it seems particularly inappropriate to imply an additional civil remedy from a criminal provision with none of those limitations. The Supreme Court has refused to imply private rights of action under similar circumstances and has taken a very narrow view of the court's role in creating remedies not expressly provided by statute. *See, e.g., Middlesex County Sewerage Authority v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). I see no reason to depart from that position here. Because the Section 17(a) count fails to state a claim, I deny the motion to add it to the case. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). (Futility of amendment is grounds for denying leave to amend.)

### 2. *Section 12(2) claim*

■ Section 12(2) explicitly sets out the remedies available to the plaintiff: he may sue "to recover the consideration paid for such security with interest thereon, less the amount of income received thereon, upon the tender of such security, *or* for any damages *if* he no longer owns the security." 15 U.S.C. § 77*l.* (emphasis added) A plaintiff who still owns the security therefore has no choice: he can *only* get rescission and restitution, and his claim is contingent on tendering the security to defendant. *Wigand v. Flo-Tek, Inc.,* 609 F.2d 1028, 1034–1035 (2d Cir.1979). Although plaintiff may be entitled to additional equitable relief to enforce that right to recover, the principal object of the suit remains rescission. *Deckert v. Independence Shares Corp.,* 311 U.S. 282, 287–289, 61 S.Ct. 229, 232–233, 85 L.Ed. 189 (1940). Without that request for relief and an offer of tender, plaintiff fails to state a claim. *Adair v. Hunt Int'l Resources Corp.,* 526 F.Supp. 736, 748 (N.D.Ill.1981); *Pfeffer v. Cressaty,* 223 F.Supp. 756 (S.D.N.Y.1963). Plaintiff in the instant case, still owner of the Keystone 100, has not made any tender nor does he seek rescission in the amended complaint as proposed. Because he has failed to state conditions prerequisite to suit, I deny leave to add the Section 12(2) claim.

---

1. The only new fact alleged is that the prospectus at issue was part of the registration statement filed by the defendant Keystone Provident, which is not a matter of dispute.

### 3. *Section 11 claim*

■ Unlike the other two claims, the Section 11 count as proposed is legally sufficient. Defendants argue that the claim is time-barred under Section 13 of the 1933 Act, which requires Section 11 claims to be brought "within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence...." 15 U.S.C. § 77m. The motion to amend was filed more than one year after the Internal Revenue Service issued its ruling that variable annuities were not entitled to tax-deferred status, the basis for plaintiff's allegation that the prospectus was false and misleading. However, the amendment relates back to the date of the original complaint in that it arises out of the same transaction and occurrence. Fed. R.Civ.P. 15(c). It adds no new facts, changing only the legal theory of the case. *Compare Brown v. Providence Gas Co.*, 445 F.Supp. 459 (D.R.I.1976) (amendment related back); *to Marine Midland Bank v. Keplinger & Associates, Inc.*, 94 F.R.D. 101 (S.D.N.Y.1982) (amendment did not relate back because of new facts). Moreover, plaintiff has met the technical requirement of pleading compliance with the one-year limitations period of Section 13, an essential element of a Section 11 suit. Because the date of sale was sometime after April 1981 when the prospectus was issued, the original complaint brought in March 1982 meets any pleading requirement by noting the April date before which the annuities could not have been sold. The limitations period begins to run only after the sale, *Wigand v. Flo-Tek, Inc.*, 609 F.2d at 1033, fn. 5, so that it could not possibly have expired by the time suit was filed less than a year later.

■ Defendants next contend that the leave to amend should be denied within the Court's discretion because it drastically changes the legal posture of the case, comes nine months after the original complaint without any explanation for the delay, and would require additional discovery, originally scheduled to be completed a month before the amendment was filed. A change in the legal theory of recovery is not in itself grounds for refusing an amendment. 6 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1474 (1971) and cases cited therein. The Section 11 claim, which does not require *scienter* as the 10b–5 claim does, unquestionably increases defendants' potential liability, but that is not the kind of prejudice to a party which would justify denying leave to amend. Further discovery may have to be conducted, but because the amendment concerns the same events laid out in the original complaint, it should not be extensive. Nine months is not an inordinate amount of time to have passed, even if plaintiff does not have any adequate explanation for the delay. *Compare Ondis v. Barrows*, 538 F.2d 904 (1st Cir.1976) (amendment sought more than two years after original complaint and after all other claims dismissed); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir.1973), *cert. denied*, 416 U.S. 939, 94 S.Ct. 1942, 40 L.Ed.2d 290 (1974) (two and a half years elapsed). There is no danger of witnesses having become unavailable in that short time or of memories having significantly faded. Under Rule 15(a), leave to amend "shall be freely given when justice so requires." The spirit of the rule is that a case should be decided on the merits, not because of missteps by counsel in pleading. *United States v. Hougham*, 364 U.S. 310, 317, 81 S.Ct. 13, 18, 5 L.Ed.2d 8 (1960). In keeping with that spirit, the motion for leave to amend by adding the Section 11 claim is allowed.

■ However, I will not hold defendants to their stipulation on class certification, made when only the 10b–5 claim was in the case. Although the class action device may be particularly appropriate in securities cases like this one, *see, e.g., Escott v. Barchris Construction Corp.*, 340 F.2d 731 (2d Cir.), *cert. denied, Drexel & Co. v. Hall*, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965), defendants are free to contest class certification. At this point, the Section 11 claim is an individual one only.

### B. *Summary Judgment Motions*

 As part of the earlier complaint, plaintiff alleged that the misleading statements in the prospectus amount to "unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce" prohibited by § 2(a) of the Massachusetts Consumer Protection Statute, Mass.Gen.Laws ch. 93A. Plaintiff now moves for summary judgment on the issue of liability, and requests a court determination as to the proper measure of damages. Defendants have filed a cross motion for summary judgment on the grounds that 93A does not cover securities dealings. I conclude that the transactions here at issue are indeed beyond the scope of 93A coverage.

This Court and another district court in this circuit have expressly held that 93A does not cover securities transactions. *Rudsten v. Reynolds* [1982 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 98,681 at 93,407 (D.Mass. March 17, 1982) (Zobel, J.); *Palace v. Merrill, Lynch, Pierce, Fenner & Smith*, Docket No. 80–1831–T (D.Mass. August 3, 1981). *See also Freimarck v. First Nat'l Monetary Corp.*, Docket No. 81–1656–S (D.Mass. Jan. 14, 1982). (93A does not cover the sale of commodities futures.) Plaintiff points out that Massachusetts Supreme Judicial Court ("SJC") decisions interpreting 93A cast substantial doubt on the reasoning behind those rulings, in large part based on a reading of the statute which excluded transactions not regulated by the Federal Trade Commission. *See* Mass.Gen.Laws ch. 93A, § 2(b). In *Raymer v. Bay State Nat'l Bank*, 384 Mass. 310, 424 N.E.2d 515 (1981) and *Dodd v. Commercial Union Insurance Co.*, 373 Mass. 72, 365 N.E.2d 802 (1977), the SJC held that § 2(b) of the statute was not intended as an implied exception to 93A coverage; transactions not regulated by the FTC could in fact come within the scope of the state consumer law. However, *Raymer* concerned a customer's claim against a bank for wrongful dishonor of a check, and *Dodd* dealt with deceptive settlement practices by an insurance company. Until the SJC expressly holds that

93A covers securities transactions—an area for which there are already available a plethora of statutes—I am not inclined to extend the consumer protection law.

### CONCLUSION

Plaintiff's motion to amend the complaint is denied as to the Section 17(a) and Section 12(2) claims. The motion to amend is granted as to the Section 11 claim, although defendants are not bound on that claim by their earlier stipulation concerning class certification. Defendant's motion for summary judgment on the 93A claim is granted.