**Gary C. JACOBSEN, Plaintiff,**

v.

**MINTZ, LEVIN; COHN, FERRIS, GLOVSKY & POPEO, P.C., et al., Defendants.**

Civ. No. 83–0327 P.

United States District Court, D. Maine.

Sept. 28, 1984.

Joseph L. Bornstein, Naira B. Soifer, Portland, Me., for plaintiff.

Jotham D. Pierce, Jr., Daniel M. Snow, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., Steven D. Silin, Lewiston, Me., for defendants.

## ORDER ACCEPTING MAGISTRATE'S REPORT OF HEARING ON MOTIONS AND ORDER OF REMAND

GENE CARTER, District Judge.

A hearing was held before the Honorable D. Brock Hornby, United States Magistrate, on June 29, 1984, upon various filings of the Plaintiff, which the Magistrate treated "as constituting a motion to amend the complaint to add as parties Bernstein, Shur, Sawyer & Nelson, P.A., and George M. Shur," Magistrate's Report of Hearing on Motions and Order of Remand, at 2, and upon the Plaintiff's Motion for Remand From Federal District Court to State Court on the basis of improvident removal due to absence of diversity of citizenship. The United States Magistrate considered the oral and written arguments of counsel upon said motions and filed with this Court on July 10, 1984, with copies to counsel, his Report of Hearing on Motions and Order of Remand. The Magistrate therein granted the Plaintiff's motion to amend complaint to add as parties Bernstein, Shur, Sawyer & Nelson, P.A., and George M. Shur; denied the Defendants' Motions to Strike; and, the joinder of the new Defendants having destroyed this Court's jurisdiction on the basis of diversity of citizenship, remanded the case to the Superior Court of the State of Maine in and for Cumberland County. The Magistrate further concluded that, in light of his action in respect to remanding the matter, this Court lacked jurisdiction to rule on other pending motions. Thereafter, on July 13, 1984, Defendants Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and John P. Birmingham, Jr., filed a document entitled "Defendants' Objections to Magistrate's Order of Remand," wherein the Defendants objected to the decision of the Magistrate on the following grounds:

1. The District Court lacks discretion to allow the joinder of a non-indispensable party whose joinder after removal would destroy diversity and require remand to the State Court. In this question of first impression in this District, the Magistrate adopted those cases holding that the District Court possesses such discretion. Defendants urge that this Court reject such authority and adopt those cases holding that the District Court lacks such discretion.

2. Even if a discretionary standard is adopted, Plaintiff's Motion to Amend should have been denied and Defendants' Motion to Strike should have been granted. Plaintiff's counsel made a tactical decision at the commencement of this action not to name Bernstein, Shur. Plaintiff's sole desire to bring in Bernstein, Shur at this point is to force a remand to the State Court in order to revive his jury trial right, which he waived in this Court.

Defendants' Objections to Magistrate's Order of Remand, at 1–2. On July 19, 1984, the Defendants Bernstein, Shur, Sawyer & Nelson, P.A., and George M. Shur filed a document entitled "Objection to Magistrate's Order to Remand" incorporating the bases of objection set forth in the co-defendant's Objection of July 13, 1984.

The first issue raised is whether or not this Court is to review the action indicated by the Magistrate's report pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) or whether the actions of the Magistrate are actions excepted from the provisions of § 636(b)(1)(A) as to which review is governed by the provisions of § 636(b)(1)(B) and (C). The resolution of this issue is

important inasmuch as it determines the standard of review to be applied by the Court in reviewing the Magistrate's actions. If this Court's review is governed by the provisions of § 636(b)(1)(A), then the review is in the nature of appellate review and the Court is to determine whether it has "been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). On the other hand, if the Court's review is governed by the provisions of subsections (B) and (C), then the Court's review is in the nature of a *de novo* review as provided for in § 636(b)(1)(C).

The Court notices this issue because it appears that the actions of the Magistrate are not those specifically designated as excepted actions of the Magistrate in the provisions of subsection (A) of § 636(b), yet the Defendants have elected to serve "objections" to the Magistrate's actions as contemplated by the provisions of subsection (C) of that statute.

Title 28 U.S.C. § 636(b)(1) reads as follows:

Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

■ It is clear from the language of the last paragraph of § 636(b)(1) that the procedure for "objecting" to a Magistrate's proposed findings and recommendations applies only to findings and recommendations filed by the Magistrate pursuant to subsections (B) and (C).

■ District Court review of an action of the Magistrate pursuant to § 636(b)(1)(A) is in the nature of an appeal to which the "clearly erroneous or contrary to law" standard is applicable. The initiating pleading seeking such review is properly designated as a Notice of Appeal. On the other hand, review of actions of the Magistrate governed by § 636(b)(1)(B) and (C) is clearly intended by the statute to be in the nature of a *de novo* review by the District Court in which the Court is not required to pay deference to the factual findings of the Magistrate. The initiating pleading seeking such review is properly designated in the words of the pertinent sections of the statute as "objections to such proposed findings and recommendations."

It is likewise clear from a facial reading of the statute that the deciding factor in determining which type of review is mandated by the statute on the part of the District Court is whether or not the action of the Magistrate of which review is sought is one of those actions designated in § 636(b)(1)(A) as "excepted" from the operation of subsection (A). The statute specifically defines "excepted" actions as the following:

(1) a motion for injunctive relief;

(2) a motion for judgment on the pleadings;

(3) a motion for summary judgment;

(4) a motion to dismiss or quash an indictment or information made by the defendant;

(5) a motion to suppress evidence in a criminal case;

(6) a motion to dismiss or to permit maintenance of a class action;

(7) a motion to dismiss for failure to state a claim upon which relief can be granted; and

(8) a motion to involuntarily dismiss an action.

■ These excepted actions are commonly referred to as "dispositive actions." Clearly, none of the three motions upon which the Magistrate acted in the Magistrate's Report of Hearing here involved—a motion to amend, a motion to strike, and a motion to remand for lack of diversity jurisdiction—fall within any category of excepted actions. Here, the Court's review of the Magistrate's action on Plaintiff's pending motion is in the nature of appellate review pursuant to subsection (A) of § 636(b)(1). The appropriate standard of review is "clearly erroneous or contrary to law."

It would have been more appropriate for the Defendants here to file a "Notice of Appeal" from the actions indicated by the Magistrate's report rather than "Objections," since the latter are contemplated to be the procedural mechanism for achieving review of actions of the Magistrate under subsections (B) and (C) of § 636(b)(1).

However, rather than to penalize these Defendants on this occasion for an improper captioning of their pleadings seeking review of the Magistrate's actions, the Court will treat the "Objections" filed on behalf of each Defendant as a "Notice of Appeal." In the future the procedural distinction should be observed by counsel. The filing of an appropriately captioned pleading seeking review of the action of the Magistrate facilitates the expeditious identification by the Court of the appropriate standard of review and procedural posture of the case.

■ The Court has reviewed and considered the Magistrate's Report of Hearing on Motions and Order of Remand, together with the entire record in the case, including the Notices of Appeal filed by the Defendants and the memoranda submitted by counsel before the Magistrate and this Court. The Court concludes hereby that Defendants have not shown that the Magistrate's Order is in any respect "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court having determined that no further proceeding is necessary, it is

ORDERED AS FOLLOWS:

(1) that the Magistrate's Report of Hearing on Motions and Order of Remand, filed on July 10, 1984, be, and is hereby, APPROVED and AFFIRMED;

(2) the Clerk of this Court shall undertake the actions necessary to accomplish REMAND of this action to the Superior Court of the State of Maine in and for the County of Cumberland in accordance with the Order of the Magistrate.

So ORDERED.