**ALLENDALE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Leslie RUTHERFORD, Defendant.**

Civ. No. 97–133–P–C.

United States District Court,
D. Maine.

March 18, 1998.

Matthew H. Herndon, Paul R. Devin, Jonathan L. Goldberg, Peabody & Arnold, Boston, MA, for Plaintiff.

Peter J. DeTroy, III, Russell Pierce, Norman, Hanson & DeTroy, Portland, ME, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Plaintiff Allendale Mutual Insurance Company ("Allendale") brought this suit against Defendant Leslie Rutherford alleging counts of fraud, fraudulent transfer, conversion, unjust enrichment, and imposition of a constructive trust. The Court referred Defendant's Motion for Leave to File Motion to Amend Defendant's Answer (Docket No. 17) ("Defendant's Motion") to United States Magistrate Judge David Cohen. Magistrate Judge Cohen filed with the Court his Memorandum Decision on Defendant's Motion to Amend Answer (Docket No. 22) ("Memorandum Decision"). Defendant filed her Objec-

tions to the Magistrate Judge's Memorandum Decision (Docket No. 25) in a timely manner as required by 28 U.S.C § 636(b)(1), and Plaintiff subsequently responded to Defendant's Objections (Docket No. 31). For the reasons set forth below, the Court will review the Magistrate Judge's decision under a *de novo* standard and will grant Defendant's Motion.

## I. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. § 631 *et seq.*, sets forth a framework permitting federal district courts to refer pretrial matters to United States magistrate judges. Section 636(b)(1)(A) provides:

> [A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). The magistrate judge's order on a pretrial matter referred pursuant to section 636(b)(1)(A) may be disturbed only if it is "clearly erroneous or contrary to law." *Id.* In addition, a district court may designate a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). Review of the magistrate judge's recommended decision is *de novo*. 28 U.S.C. § 636(b)(1)(C).

These sections of the Federal Magistrates Act must be considered in conjunction with Fed.R.Civ.P. 72.[1] Rule 72 discusses the responsibilities of magistrate judges in terms of nondispositive and dispositive pretrial matters. A nondispositive matter is one which is "not dispositive of a claim or a defense of a party." Fed.R.Civ .P. 72(a). In reviewing a magistrate judge's determination on a nondispositive pretrial matter, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id.* However, the district court makes a *de novo* determination of a magistrate judge's recommended decision on a dispositive pretrial matter, that is, one which disposes of a claim or defense of a party. Fed.R.Civ.P. 72(b).

As explained in the Advisory Committee Notes accompanying Rule 72, nondispositive pretrial matters are referred to a magistrate judge pursuant to section 636(b)(1)(A) of the Federal Magistrates Act, and dispositive pretrial matters are referred pursuant to section 636(b)(1)(B). The critical concept in determining the appropriate section for referral, and consequently review, of a pretrial matter is whether the matter is dispositive of a party's claim or defense. With this framework in mind, the Court concludes that *de novo* review of Defendant's motion to amend her answer to include an affirmative defense based on the statute of limitations is appropriate because the matter is dispositive of a defense of a party.[2]

## II. DISCUSSION

Defendant motioned to amend her Answer to include an affirmative defense based upon

---

1. The Advisory Committee Notes indicate that Rule 72 tracks the structure of section 636(b)(1) of the Federal Magistrates Act.

2. In advocating for the more deferential standard of review of section 636(b)(1)(A), Plaintiff points to this Court's decision in *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F.Supp. 583 (D.Me.1984), as evidence that this Court regards the list of exceptions contained in section 636(b)(1)(A) as exhaustive, thus limiting *de novo* review to those specifically excepted matters and excluding motions to amend from

such review. While the Court recognizes that its language may be interpreted to support such a position, the Court notes that *Jacobsen* presented a narrow factual situation in which the plaintiff sought to amend a complaint to add parties. *Jacobsen*, 594 F.Supp. at 584. The language in *Jacobsen* should not be properly understood to hold that the list of excepted actions is exhaustive. Rather, they are examples of actions which fall within the definition of dispositive matters, that is, those which dispose of substantive claims.

the statute of limitations[3] on December 19, 1997, approximately four and a half months after filing her Answer and nine days after Defendant's new counsel had entered his appearance with the Court. Defendant filed her motion less than three months after the September 29, 1997, deadline for amendment of pleadings, and the period for discovery in this suit expired on December 24, 1997. The Magistrate Judge determined that Defendant's Motion should be denied on the grounds of undue delay and undue prejudice and recommended that Defendant's Motion be denied.[4] Defendant objects to the Magistrate Judge's recommendation, arguing that neither the ground of undue delay nor the ground of undue prejudice warrant the denial of Defendant's Motion.

A party must seek leave of the Court to amend a pleading after the deadline for filing such an amendment has expired. Fed. R.Civ.P. 15(a). Rule 15(a), provides in relevant part that "leave shall be freely given when justice so requires." "This phrase is usually interpreted as an affirmation of the liberal approach to pleading taken by the modern rules ... and as an encouragement to district judges to decide a plaintiff's claims on the merits whenever possible." *McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals,* 168 F.R.D. 94, 97 (D.Mass.1995) (citations omitted); *see also Sweeney v. Keystone Provident Life Ins. Co.,* 578 F.Supp. 31, 34 (D.Mass.1983) ("The spirit of the rule is that a case should be decided on the merits, not because of missteps by counsel in pleading.") (citation omitted).

■ On this *de novo* review, the decision whether to permit amendment lies within the discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The circumstances in which a motion to amend is properly denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* "A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." *Quaker State Oil Refining Corp. v. Garrity Oil Co.,* 884 F.2d 1510, 1517 (1st Cir.1989) (citation omitted).

■ The Court concludes that the delay of less than three months after the deadline for amendment is neither undue nor does it unduly prejudice Plaintiff so as to justify a departure from the liberal pleading policy incorporated in Rule 15(a). Initially, the Court notes that the delay is not nearly as extreme as the delays in cases in which motions to amend are routinely denied. *See, e.g., Grant v. News Group Boston, Inc.,* 55 F.3d 1, 6 (1st Cir.1995) (delay of fourteen months); *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983) (delay of two years).[5] Further, Defendant has offered her substitution of counsel as an explanation for the delay. Although the Magistrate Judge correctly stated that the omissions of counsel are visited upon parties in the context of Rule 60, *see* Memorandum Decision at 2, the Court is reluctant to severely penalize parties for pleading errors in the early stages of litigation without evidence of bad faith, dilatory tactics, or undue prejudice to the opposing party, and there is no such evidence in the record. The Court is convinced that even if some additional discovery is necessary, Plaintiff will not be presented with any insuperable difficulties in conduct-

**3.** On the record presently before the Court, it appears that Defendant's defense may be viable.

**4.** The Court did not specify the section of the Federal Magistrates Act under which it referred Defendant's Motion to the Magistrate Judge. Magistrate Judge Cohen treated it as referred pursuant to section 636(b)(1)(A) and issued a Memorandum Decision. Because the Court has determined that the matter is dispositive and thus properly referred under section 636(b)(1)(B), it will treat the Magistrate Judge's Memorandum Decision as a Recommended Decision.

**5.** The Magistrate Judge accurately noted that this Court has an unusually short timeline for cases placed upon the standard management track. Although this factor may make Defendant's delay seem more significant than it would at first blush, the Court is disinclined to label the delay as undue.

ing its case. Given the circumstances, the Court concludes that Defendant's Motion, made in a timely manner after change of counsel and within three months of the deadline to amend the pleadings, does not prejudice Plaintiff in a way that necessitates denial of Defendant's Motion.

The Court declines to accept the recommendation of the Magistrate Judge. Accordingly, it is **ORDERED** that Defendant's Motion be, and it is hereby, **GRANTED.**