Albert JOHNSON, Plaintiff,

v.

SPENCER PRESS OF MAINE, INC., et al., Defendants.

No. Civ. 02–73–P–H.

United States District Court, D. Maine.

Dec. 4, 2002.

**28**

Eric Uhl, Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Albert Johnson.

U. Charles Remmel, II, Graydon Stevens, Kelly, Remmel & Zimmerman, Portland, ME, for Spencer Press of Maine, Inc.

## ORDER REJECTING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on October 31, 2002, with copies to counsel, his Recommended Decision on Defendants' Motion to Amend. The defendants filed an objection to the Recommended Decision on November 12, 2002. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recom-

mended Decision; and I reject the recommendations of the United States Magistrate Judge. The defendants' motion to amend their answer is GRANTED.

The Complaint in this case was filed on April 4, 2002. On September 9, 2002, the defendants filed their motion to amend their answer to add an affirmative defense. The Scheduling Order (entered on May 20, 2002) had set a deadline of July 8, 2002, for such amendments. The discovery deadline then was September 23, 2002. (It was later extended to October 28, 2002.)

The defendants' motion was occasioned by a United States Supreme Court decision on June 10, 2002. That decision, *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 2068, 153 L.Ed.2d 106 (2002), eliminated the affirmative defense on which the defendants had been depending, and prompted the defendants to assert new affirmative defenses that previously had seemed unnecessary. It would be pleasant to believe that every lawyer reads every Supreme Court decision the day it is rendered, and immediately realizes its implication for every case for which he or she is responsible, but the reality of life and practice does not meet that standard. Although ninety days and this court's deadline both passed before the defendants filed their motion, the amendment was not so tardy as to cause inevitable prejudice to the plaintiff: the discovery period was still open and, indeed, the witnesses in question had not then been deposed. Even now, trial is not scheduled before January 2003. I conclude that under the liberal standards of Fed.R.Civ.P. 15 ("leave shall be freely given when justice so requires"), the better course is to allow the amendment. If further discovery is needed as a result, the discovery period is reopened for a period of thirty days; if the amendment causes a need for additional dispositive motion filings, a party can request appropriate permission. So ORDERED.

## *RECOMMENDED DECISION ON DEFENDANTS' MOTION TO*

**AMEND** [1]

COHEN, United States Magistrate Judge.

Defendants Spencer Press of Maine, Inc. and Spencer Press, Inc. ("Spencer Defendants") move to amend their answer to add additional affirmative defenses as a result of the issuance of *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), on June 10, 2002. *See generally* Motion To Amend Defendants' Answer To Add Additional Affirmative Defenses, etc. ("Motion") (Docket No. 8). For the reasons that follow, I recommend that the Motion be denied.

## I. Applicable Legal Standards

Pursuant to Fed.R.Civ.P. 15(a) a party must seek leave of the court to amend a pleading if either the deadline to amend has expired or the party already has amended its pleading once within the time allotted by the rule. Such leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be granted in the absence of reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc . . . . . " *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## II. Context

On April 4, 2002, plaintiff Albert Johnson filed the instant complaint, alleging in relevant part that he "experienced unlawful willful and intentional religious and disability harassment on the basis of a continuous and pervasive hostile and intimidating work environment created by his supervisors and co-workers." Complaint and Demand for Jury Trial (Docket No. 1) ¶ 16. On May 14, 2002 the Spencer Defendants filed an answer in which they asserted five affirmative defenses, among them that Johnson's claims were "barred in whole or in part by the applicable statute of limitations." Answer and Affirmative Defenses of Defendants, Spencer Press of Maine, Inc. and Spencer Press, Inc. ("Answer") (Docket No. 2) at 8.

Shortly thereafter, on May 20, 2002, a scheduling order issued setting deadlines for amendment of pleadings by July 8, 2002, completion of discovery by September 23, 2002 and filing of dispositive motions by September 30, 2002. Scheduling Order with incorporated Rule 26(f) Order (Docket No. 3). The instant motion was filed on September 9, 2002. Motion at 1. On September 24, 2002 the court granted a joint motion to amend the scheduling order, enlarging the discovery and motion deadlines to October 28 and November 4, 2002 respectively. Report of Hearing and Order Re: Discovery Dispute (Docket No. 11) at 2. Trial is set for January 2003. *Id.*

## III. Analysis

In moving to amend their answer the Spencer Defendants contend—and it cannot seriously be doubted—that the *Morgan* decision altered the lay of the land regarding the assertion of a statute-of-limitations defense in a hostile work environment ("HWE") case. *See* Motion. Prior to *Morgan,* the First Circuit had held that a Title VII HWE plaintiff "in general cannot litigate claims based on conduct falling outside of that [300–day statute-of-limitations] period." *O'Rourke v. City of Providence,* 235 F.3d 713, 730 (1st Cir.2001). Such a plaintiff could seek to end-run that short limitations period by asserting a so-called "continuing violation" of either a "systemic" or "serial" variety; however, a claimed "serial" continuing violation could be defeated to the extent that the acts in question were "of *sufficient permanence* that they should [have] trigger[ed] an awareness of the need to assert one's rights[.]" *Id.* at 730–31 (emphasis in original). The Spencer Defendants had evidence on the basis of which they intended to argue that Johnson long ago was aware of a need to have asserted his rights. *See* Reply Memorandum in Support of Amendment to Answer ("Reply") (Docket No. 10); Statement Regarding Dis-

---

1. The pending motion is a dispositive pretrial matter within the meaning of 28 U.S.C. § 636(b)(1)(B), and thus I frame this as a recommended decision. *See Allendale Mut. Ins. Co. v. Rutherford,* 178 F.R.D. 1, 2 & n. 2 (D.Me.1998).

crimination at Spencer Press, Inc. dated February 16, 1993, attached thereto.

In *Morgan* the Supreme Court obliterated this "notice" defense, holding that "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period." *Morgan*, 122 S.Ct. at 2068; *see also, e.g., Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 406 (1st Cir.2002) ("Inasmuch as under *Morgan* the entire period during which a victim is subjected to a hostile work environment now constitutes one 'unlawful employment practice,' *Morgan* supplants our jurisprudence on the continuing violation doctrine in hostile work environment claims, making it no longer necessary to distinguish between systemic and serial violations.").

*Morgan* hence eviscerated the Spencer Defendants' statute-of-limitations defense.[2] They understandably seek to add what amounts to a replacement affirmative defense; however, that is not the end of the analysis. Although Rule 15(a) "evinces a definite bias in favor of granting leave to amend," it nevertheless "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification for the delay is forthcoming." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1178 n. 11 (1st Cir.1995) (citations omitted); *see also Tiernan v. Blyth, Eastman, Dillon & Co.*, 719 F.2d 1, 4 (1st Cir.1983) (though court may not deny amendment without consideration of prejudice to the opposing party, "it is clear that 'undue delay' can be a basis for denial") (citation omitted); *El–Hajj v. Fortis Benefits Ins. Co.*, 156 F.Supp.2d 27, 34 (D.Me.2001) ("When a party moves for leave to amend a pleading, leave shall be freely given when justice so requires. This is a relatively low standard, but it becomes compounded with a higher standard once the deadline to amend passes because a scheduling order shall not be modified except upon a showing of good cause.") (citations and internal quotation marks omitted).

As Johnson points out, *see* Opposition at 3, *Morgan* was issued approximately one month prior to the deadline for amending pleadings in this case. Yet the Spencer Defendants waited until September 9, 2002 to file the instant motion—three months after issuance of *Morgan*, two months after the deadline for amendment of pleadings and only two weeks prior to the close of discovery under the then-operative scheduling order in this case. In circumstances such as this in which a party belatedly attempts to revise pleadings, a court must weigh whether, "in light of the pertinent balance of equitable considerations[,]" amendment is nonetheless warranted. *Quaker State Oil Refin. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir.1989). "Relevant indicators" include the degree of tardiness (and concomitant impact on the non-movant) and satisfactoriness of explanation for the delay. *Id.* at 1517–18. In this case, unfortunately, there is hardship to the Spencer Defendants in denying the Motion and hardship to Johnson in granting it; however, on balance, the equities tip in favor of denial.

As an initial matter, the Spencer Defendants offer no compelling excuse either for the three-month delay between issuance of *Morgan* and filing of the instant motion or for the initial omission of the defenses now sought to be added. As Johnson notes, *see* Opposition at 2–3, the defenses the Spencer Defendants now seek to add (waiver, estoppel, equitable tolling and laches) are not new; they were available in cases such as this well before the filing of the instant suit, *see also, e.g., Morgan*, 122 S.Ct. at 2076–77 (stating, "Our holding does not leave employers defenseless"; noting long-standing availability of the four defenses in issue). Nor do the Spencer Defendants contend they were unaware of the factual bases for asserting such defenses in this case. Rather, inasmuch as

---

**2.** As Johnson suggests, *see* Plaintiff's Opposition to Defendants' Motion To Amend Answer To Add Additional Affirmative Defenses ("Opposition") (Docket No. 9) at 3 n. 1, even prior to *Morgan* defendants in the First Circuit faced an uphill battle succeeding with a "notice" type of statute-of-limitations defense to an HWE claim; however, it was then at least theoretically possible for a defendant to do so.

appears, they belatedly became aware of the issuance of *Morgan*—and hence the tactical desirability of adding the alternative defenses—in September. *See* Reply at 2.

Secondly, the allowance of a belated amendment would prejudice Johnson. At the time the Motion was filed, the discovery deadline loomed. Although that deadline subsequently was enlarged by approximately one month, it now has elapsed. Dispositive motions are due by November 4, and trial is set for January. The prejudice of adding four new affirmative defenses at this juncture is largely self-evident. As the First Circuit has observed, "The further along a case is toward trial, the greater the threat of prejudice and delay when new claims are belatedly added." *Executive Leasing Corp. v. Banco Popular de Puerto Rico,* 48 F.3d 66, 71 (1st Cir.1995) (citation and internal quotation marks omitted); *see also, e.g., Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 139 (1st Cir.1985) ("An addition of a new claim close to trial when discovery is essentially complete and trial strategy already planned invariably delays the resolution of a case, and delay itself may be considered prejudicial[.]") (citation omitted).

Moreover, as Johnson points out, equitable affirmative defenses such as laches raise a question not just whether a plaintiff unduly delayed in bringing his action but also whether the defendant was materially prejudiced by the delay. *See* Opposition at 4; *see also, e.g., Plumley v. Southern Container, Inc.,* 303 F.3d 364, 374 (1st Cir.2002) (equitable estoppel entails showing, *inter alia,* that party claiming estoppel relied on estopping conduct to its detriment); *Whiting v. United States,* 231 F.3d 70, 75 (1st Cir.2000) ("Assuming *arguendo* that a laches defense is permissible, it required a showing both of unreasonable delay by Whiting and prejudice to the government."). Johnson accordingly suggests, entirely reasonably, that were the amendment permitted, discovery would be required on the extent to which the Spencer Defendants were prejudiced or affected by his purported delays. *See* Opposition at 4.

The Spencer Defendants counter that, to the extent the court finds prejudice to Johnson, they are willing to agree to such extensions as might be deemed appropriate. *See* Reply at 2. However, in the absence of good cause for the delayed proffer of the amendment, the standard for further modification of the scheduling order is unmet. *See, e.g.,* Fed.R.Civ.P. 16(b); *El–Hajj,* 156 F.Supp.2d at 34.

## IV. Conclusion

For the foregoing reasons, I recommend that the Spencer Defendants' motion to amend their answer to assert new affirmative defenses be **DENIED.**

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Oct. 31, 2002.