**J.S. McCARTHY, CO., INC., d/b/a J.S. McCarthy Printers, Plaintiff,**

v.

**BRAUSSE DIECUTTING & CONVERTING EQUIPMENT, INC., Defendant.**

**Civ. No. 04–107–B–W.**

United States District Court, D. Maine.

Jan. 25, 2005.

---

1. In 2002, the United States Supreme Court clarified there is no "heightened pleading standard" for employment discrimination cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–13, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Jeffrey W. Peters, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Plaintiff.

Sidney St. F. Thaxter, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, ME, for Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

WOODCOCK, District Judge.

Concluding that Rule 15(a) encourages a non-punctilious view of motions to amend pleadings and that Rule 9(b)'s particularity requirement has been satisfied, this Court GRANTS Plaintiff's Motion for Leave to File Amended Complaint.

## I. STATEMENT OF FACTS

J.S. McCarthy Co., Inc. (McCarthy) claims Brausse Diecutting & Converting Equipment, Inc. (Brausse) sold it a defective machine and delivered it late. On October 19, 2004, this Court granted Brausse's Motion to Dismiss Count III—Breach of Implied Warranty, and Count VI—Deceptive Trade Practices; and denied its Motion to Dismiss Count IV—Fraud. Regarding Count IV, although this Court agreed with Brausse's contention that the Complaint, as filed, violated Rule 9(b), which requires a fraud allegation to be made with "particularity," Fed.R.Civ.P. 9(b), McCarthy was given sixty days to engage in discovery and file an amended complaint complying with Rule 9(b) or face dismissal.

On December 20, 2004, McCarthy filed a Motion for Leave to Amend Complaint and a First Amended Complaint; Brausse objected. The Amended Complaint not only sets forth in greater detail the bases for McCarthy's fraud allegations (Count III), but also alleges unfair trade practices (Count V) and adds a punitive damages claim (Count VII).[1] Brausse objects for four reasons:

1) the motion is significantly untimely according to the Scheduling Order;

2) the proposed amended fraud claim still does not comply with Rule 9(b)'s particularity requirement;

3) the proposed complaint does not contain any "newly discovered facts"; and,

4) Brausse would be severely prejudiced if McCarthy were allowed to amend its complaint at this late date.

## II. DISCUSSION

### A. Untimeliness.

 McCarthy filed its original Complaint against Brausse on June 23, 2004 and Brausse answered and counterclaimed on August 27, 2004. This Court issued a Scheduling Order on September 1, 2004, imposing the following deadlines: 1) deadline for amendment of pleadings—November 16, 2004; 2) deadline for plaintiff's designation of experts—November 16, 2004; 3) deadline for defendant's designation of experts—December 21, 2004; 4) discovery deadline—February 1, 2005; 5) deadline for dispositive and *Daubert* and *Kumho* motions—February 8, 2005; and, 6) expected trial date—May 2, 2005. Neither party objected to the deadlines originally imposed. In its October 19, 2004 Order, this Court granted McCarthy sixty days within which to complete discovery on the fraud issue and to file a motion to amend complaint. This sixty day period expired on December 20, 2004, the date McCarthy's Motion was filed.

Brausse points out the Scheduling Order was never amended and argues if McCarthy wished to amend its pleading on counts other than the fraud count, it should have done so by November 16, 2004. McCarthy responds that the facts which led to its filing an amended complaint on all new or restated counts were discovered, as the Court contemplated, during the sixty day interval.

 This Court agrees with McCarthy. Although the better practice would have

---

1. The Amended Complaint renumbers some, but not all of the original Complaint's counts: Count I—Breach of Contract; Count II—Breach of Express Warranty; Count III—Fraud; Count IV—Negligent Misrepresentation; Count V—Unfair Trade Practice; Count VI—Revocation of Acceptance; and, Count VII—Punitive Damages. Brausse's argument against the amendment does not affect Counts I, II, IV, or VI.

been to move to amend the Scheduling Order's November 16, 2004 deadline, Rule 15(a) provides that leave to file amended pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Whether to permit an amendment lies within the discretion of this Court. *Foman v. Davis*, 371 U.S.. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 3 (D.Me.1998); *Swan v. Sohio Oil Company*, 766 F.Supp. 18, 19–20 (D.Me. 1991). The United States Supreme Court stated that the circumstances in which a motion to amend is properly denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment . . ." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. None of these circumstances exists here. Moreover, the "spirit of the rule" dictates a preference for decisions "on the merits, not because of missteps by counsel in pleading." *Allendale*, 178 F.R.D. at 3 (quoting *Sweeney v. Keystone Provident Life Ins. Co.*, 578 F.Supp. 31, 34 (D.Mass.1983)); *see also McMillan v. Massachusetts Soc'y for the Prevention of Cruelty to Animals*, 168 F.R.D. 94, 97 (D.Mass. 1995).

In *Allendale*, Judge Carter properly allowed a motion to amend filed just under three months after the deadline for amendment of pleadings. Here, the motion to amend was just over one month after the deadline for some of the claims and within the deadline for the fraud claim. Absent other circumstances, to deny McCarthy's motion to amend would be to interpret Rule 15(a) in an overly punctilious fashion inconsistent with the liberal dictates of the Rule.

██ Finally, McCarthy reasserted a reworded and renumbered Count V, Unfair Trade Practices, for the dismissed Count VI, Deceptive Trade Practices. Original Count VI stated a claim under the Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211–16, and was dismissed because in-

junctive relief was neither sought by McCarthy nor applicable to his claim; amended Count V also states a claim under 10 M.R.S.A. §§ 1211–16, but this time asks for injunctive relief against Brausse's sale of "counterfeit 'knockoff' SBL" machines. The untimely reassertion under a different guise of a dismissed claim could be grounds for denial of the motion to amend.[2] *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578–79 (11th Cir.1991). However, in the circumstances of this case, where McCarthy's subsequent investigation revealed facts unknown at the initiation of the cause of action, this Court concludes the earlier dismissal should not bar the reassertion of the same cause of action based on newly discovered facts.

### B. Sufficiency of Fraud Allegation Under Rule 9(b).

██ Brausse says even as amended the McCarthy complaint fails to meet the particularity requirement of Rule 9(b). This Court need not tarry on this argument. Rule 9(b) requires a complaint alleging fraud be specific about "the time, place and content of an alleged false representation, not the circumstances or evidence from which fraudulent intent could be inferred." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir.1996) (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228–29 & n. 2 (1st Cir.1980)). Having reviewed the factual allegations in the Amended Complaint, this Court concludes they now comply with Rule 9(b). Brausse's urgent and well expressed disagreements with McCarthy's allegations may prove out, but at this stage, this Court cannot resolve factual disputes. The Court must assume the truth of McCarthy's allegations and it examines the amended complaint to determine their specificity, not their probative value.

### C. No Newly Discovered Facts, But Brausse Severely Prejudiced.

██ Brausse next claims the motion should be denied because McCarthy has

---

2. This Court assumes Plaintiff's change from Count *VI—Deceptive* Trade Practices to Count *V—Unfair* Trade Practices, both filed under the Uniform Deceptive Trade Practices Act, was not an attempt either to be unfair or deceptive.

failed to allege any "newly discovered facts" and it has been "severely prejudiced." Brausse says McCarthy failed to engage in any discovery after this Court's October 19, 2004 Order and its Amended Complaint is merely a revision of "some of the unsubstantiated allegations contained in the original complaint." *Def.'s Mem.* at 8. In the next breath, however, Brausse asserts that if McCarthy's amendment is allowed, it will be required to "re-take depositions, re-evaluate its discovery requests, re-interview experts, and re-examine other people with information related to this case." *Id.* at 9. McCarthy responds it used the additional time to engage in an investigation of Brausse and in doing so, uncovered facts that confirm "Brausse's conduct was much more egregious than McCarthy originally realized." *Pl.'s Reply Mem.* at 1. McCarthy now alleges Brausse has been engaged in a scheme to manufacture counterfeit machines and in furtherance of this scheme sold McCarthy a knock-off. *Id.* at 1–2.

Brausse's argument strikes this Court as contradictory. If the Amended Complaint is, as Brausse claims, a rehash of facts previously alleged, Brausse has been on notice from the outset of the contested facts for discovery purposes and no retaken discovery would be justified. On the other hand, if there are new factual allegations unalleged in the original Complaint, McCarthy has done, whether through formal discovery or not, what this Court's October 19, 2004 Order anticipated: determined whether facts exist to justify its fraud allegation. Either way, Brausse's argument does not justify denial of McCarthy's Motion for Leave to Amend Complaint.

### III. CONCLUSION

This Court GRANTS Plaintiff J.S. McCarthy's Motion for Leave to Amend Complaint.

**SO ORDERED.**