John BOUCHER, Plaintiff

v.

CONTINENTAL PRODUCTS COM-
PANY, INC. and Northeastern
Log Homes, Defendants

No. CIV.04–84–P–C.

United States District Court,
D. Maine.

March 20, 2005.

Alan S. Fanger, Law Office of Alan F. Fanger, Esq., Needham, MA, Robert E. Mittel, Mittel Asen LLC, Portland, ME, for John Boucher, Plaintiff.

John R. Felice, Hermes, Netburn, Sommerville, O'Connor & Spearing, PC, Peter G. Hermes, Hermes, Netburn, Sommerville, O'Connor & Spearing, PC, Boston, MA, Stephen Douglas Wilson, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Thomas Schulten, Perkins, Thompson, Hinckley & Keddy, Portland, ME, Brian Keane, Long & Houlden, Boston, MA, Thomas R. McKeon, Richardson, Whitman, Large & Badger, Portland, ME, for Northeastern Log Homes, Inc., Continental Products Co., Defendants.

*ORDER AFFIRMING THE RECOM-
MENDED DECISION OF THE
MAGISTRATE JUDGE AND
GRANTING DEFENDANT CONTI-
NENTAL'S MOTION FOR SUM-
MARY JUDGMENT*

CARTER, Senior District Judge.

The United States Magistrate Judge filed with the Court on March 8, 2004 his Recommended Decision (Docket Item No. 76) on Defendant Continental Products Company, Inc.'s Motion for Summary Judgment (Docket Item No. 50), Plaintiff filed a partial Objection to The Recommended Decision (Docket Item No. 79) on March 18, 2005, and Defendant filed its Response thereto on March 24, 2005 (Docket Item No. 80). Plaintiff also set forth in his partial Objection to the Recommended Decision an Objection to the Magistrate Judge's action granting Continental's Second Motion to Exclude (Docket Item No. 52), excluding from evidence the late arriving expert opinions of Plaintiff's expert witness, Valerie Sherbondy,[1] The Objection is **DENIED**.

Plaintiff's Objection does not set forth any objection to the Magistrate Judge's recommendation that summary judgment be granted on the Plaintiff's claims for breach of an implied warranty for a particular purpose, breach of implied warranty of merchantability, as set out in Count IV, or for the claim of negligence in manufacture of the subject products as set out in Count I. Accordingly, those recommendations are not preserved for *de novo* review. The Court accepts those recommendations as without objection.

The Plaintiff asserts only an objection, other than his misplaced objection to the granting of Continental's Second Motion to Exclude, *see Supra* at n. 1, an Objection to the Magistrate Judge's recommendation that summary judgment be granted on

---

1. The Magistrate Judge's action in granting the Motion to Exclude the Testimony of Sherbondy is one subject to review as a non-dispositive action, under 28 U.S.C. § 636(b)(1)(A). *Jacobsen v. Mintz, Levin, Cohen, Ferris,* 594 F.Supp. 583, 585 (D.Me. 1984). The review is properly sought by filing of a "Notice of Appeal," not an Objection. *Id.* The standard of review is whether the action is shown to be "clearly erroneous or contrary to law." *Id.* This Court's careful review of the record shows that the Magistrate Judge applied the proper rule of law in the granting of the Motion to Exclude and that the evidence fully supports that decision. Plaintiff has failed to demonstrate that the action is clearly erroneous or contrary to law. Title 28, U.S.C. § 636(b)(1)(A).

Plaintiff's tardily asserted theory of negligence of the Defendant "in failing to provide instructions to Scott Bond concerning the application of the product." Objection of Plaintiff to Magistrate ... [Judge's] Recommendation and Report [sic], at 2. The Court has extended a *de novo* review to this Recommendation and **FINDS** (1) that the assertion of this theory of liability is not detectable in the Complaint even by amendment; (2) that no specific articulation of the theory was given by Plaintiff's counsel until the briefing on Continental's Motion for Summary Judgment; (3) that the theory was not litigated in the discovery prior to the Motion for Summary Judgment in any discreet way sufficient to give fair notice to Continental that Plaintiff was relying on that theory of liability; and (4) that Continental never recognized any such reliance by Plaintiff on the theory or consented to trial of any issues the assertion of that theory might generate. The Court concludes that the proper, prevailing law of this District on the point, *Logiodice v. Trustees of Maine Central Institute*, 170 F.Supp.2d 16, 30–31 n. 12 justifies entry of summary judgment on this theory.

Accordingly, after a full *de novo* review of the one issue preserved by Plaintiff's Objection, the propriety of the Magistrate Judge's recommendation to grant summary judgment on so much of Plaintiff's Count IV as is relied on by Plaintiff to allege a claim of negligence by failure to give instructions, said recommendation is hereby **ACCEPTED, AFFIRMED** and **ADOPTED.**

The Magistrate Judge's recommendation that summary judgment be granted on the remainder of Plaintiff's negligence claim in Count IV and that the claims for breach of implied warranties in Count I of the Complaint are **ACCEPTED, AFFIRMED** and **ADOPTED** as being without objection. For the reasons set forth by the Magistrate Judge, Recommended Decision, at 36, it is **FURTHER ORDERED** that (1) Bond's and Continental's claims against each other and (2) Continental's Motion to Prevent Sherbondy from testifying at trial, The First Motion to Exclude, be and are hereby **DISMISSED** as **MOOT.**

It is **FURTHER ORDERED** that final judgment **ENTER** on Plaintiff's Complaint forthwith.